The Atchison, Topeka & Santa Fe Railroad Company v. J. H. Leeman.

No. 238.

1. Judge Pro Tem.— *has no power to extend the time for making a case-made after he has ceased to sit as judge.* After he has ceased to sit as a court, a judge *pro tem.* has no power to extend the time for making and serving a case-made in an action tried before him; such an extension can only be granted by the regular district judge, who is in fact in possession of the office. *Hulme v. Diffenbacher*, 53 Kan. 181.

2. Case-made —*invalid, certified to as transcript will be so treated.* Where a case-made is held to be invalid the proceedings in error will not be wholly dismissed if such case-made appears also to have been properly certified as a transcript.

Error from Kearny District Court. Hon. A. J. Abbott, Judge. Opinion filed May 20, 1897. *Motion to dismiss denied.*

No brief filed for either party.

*Per Curiam.* On October 8, 1895, the jury in this case returned a verdict in favor of the defendant in error. Hon. A. J. Abbott was then the regular judge of the twenty-seventh judicial district which embraced Kearny County, and presided at the trial. In view of the fact that said county would, on October 15, 1895, become a part of the thirty-second judicial district, according to the provisions of chapter 106, laws of 1895, after which date the twenty-seventh

A. T. & S. F. RLD. CO. v. LEEMAN.          805

May 20, 1897.          Decision by the Court.          W. Div.

district would cease to exist, it was then agreed by counsel that the case should be continued for further proceedings until November 27 ; that court should adjourn until said date, and that Judge Abbott should sit in the case to its conclusion as judge *pro tem.* and do and perform all acts in said cause, including the settling and signing of the case-made, which he could do if the twenty-seventh district should not have been abolished, " and all and singular the things that the regular judge of the district court could do and perform." On November 27, the court convened pursuant to the adjournment which had been made according to the said agreement, and the case was concluded by Judge Abbott, as judge *pro tem.* The time for making and serving a case-made by defendant was thereupon extended by the court until January 27, 1896. On the latter date Judge Abbott further extended the time for making and serving the case-made for thirty days from that date.

Defendant in error has moved to dismiss these proceedings, the principal ground of his motion being that a judge *pro tem.* has no power to extend the time for making and serving a case-made except while he is holding court. We think this motion must be sustained, in view of the construction of section 549 of the Code, given by our Supreme Court in *Hulme v. Diffenbacher* (53 Kan. 181).

The power to extend the time for making and serving a case-made resides with the court when in session, whether presided over by the regular district judge or by a judge *pro tem.*, and with the district judge who is in fact in possession of the office. While holding court the powers of the judge *pro tem.* are as ample as those of the regular judge when sitting as a court, but when the court has finally adjourned the

judge *pro tem*. is shorn of nearly all of his judicial powers. On January 27, 1896, Judge Abbott had no connection with the office of district judge ; another person held that office and was exercising its functions. The latter alone possessed the power, under the statute, to make the order which Judge Abbott then attempted to make.

The case-made cannot therefore be considered as such by us.

We find, however, that it is certified as a transcript, and we shall not dismiss the proceedings, but will permit the plaintiff in error to treat the purported case-made as a transcript. *Dodge v. Hamburg-Bremen Ins. Co.*, 4 Kan. App. 415. It is so ordered.