W. W. WATERFIELD v. THE HUTCHINSON NATIONAL BANK.

**No. 267.**

CASE-MADE — *settled by judge pro tem. too late, invalid.* Where in a case tried by a judge *pro tem.* the order of the court states that "the defendant was granted 225 days in which to make and serve a case-made for the Supreme Court," and the case-made was settled by the judge *pro tem.* under such order 294 days after the date thereof, *held*, that the case-made is invalid.

Error from Reno District Court. Hon. H. Whiteside, Judge *pro tem.* Opinion filed November 16, 1897. *Dismissed.*

*Davidson & Williams*, for plaintiff in error.

*Martin & Roberts*, for defendant in error.

744       WATERFIELD v. BANK.

S. Dept.       Opinion.   Milton, J.       6 Kan. App.

MILTON, J. Defendant in error has filed a motion to dismiss the petition in error, assigning several reasons, all of which may be embraced in one proposition, namely, that the case-made was not signed and settled within the time allowed by law. This case was tried by Hon. H. Whiteside, as judge *pro tem.* of the Reno County District Court. On May 14, at the March term of court, the motion for a new trial was overruled, and an order extending the time for making and serving a case-made was embodied in the journal entry of final judgment, the language being: "At the same time defendant was granted 225 days in which to make and serve a case-made for the Supreme Court." On December 1, 1892, and within the time granted by the court, counsel for defendant in error, in writing, acknowledged the service of the case-made on that day, waived notice of the time of settling and signing the same, and waived the issuance and service of summons in error in the case. The judge's certificate shows that the case-made was, on March 4, 1893, "submitted in open court to the Hon. Houston Whiteside, judge *pro tem.*, notice of the time of settling and signing the same having been waived by all the parties." It also stated that both parties appeared by their attorneys. The record contains no other entries concerning the service and settlement of the case-made.

Section 549 of the Code contains the following familiar provision: "And in all cases heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."

WATERFIELD v. BANK.          745

Nov. 16, 1897.          Opinion.   Milton, J.          C. Div.

In the case of *Weeks v. Medler* (18 Kan. 425), the Supreme Court, in considering the power of a trial judge in respect to the preparation of a case-made, used the following language :

"The jurisdiction of the judge to settle the case, is a special and limited jurisdiction, which only arises at the times, and under the circumstances, specified by law."

In *St. L. & S. F. Rly. Co. v. Corser* (31 Kan. 706), the court cites the case of *Weeks v. Medler* approvingly, and adds :

"The statute has made special provision for the signing and settling of cases by the trial judge after the expiration of his term of office, when his term of office shall expire during the time fixed for making or settling and signing a case, and he cannot act in any other way, or under any other circumstances, than those named in the statute."

In the case of *M. K. & T. Rly. Co. v. City of Fort Scott* (15 Kan. 478), the court discusses the powers of a judge *pro tem.* to settle a case-made under section 549, supra, and holds that, while strictly speaking a judge *pro tem.* has no "term of office," yet the statute authorizes him to settle and sign a case-made after the expiration of the term of court during which the case was tried, if within the time allowed by law. The court there employs the following language :

"Where there is no order fixing the time for presenting the case for settlement, and only the simple order giving an extension of time for making and serving a case, the case is duly settled and signed if settled and signed within three days after the time fixed for making and serving a case."

We quote from the case of *St. L. & S. F. Rly. Co. v. Corser*, supra, as follows :

"The statute has made special provisions for the

746     WATERFIELD v. BANK.

S. Dept.        Opinion.   Milton, J.       6 Kan. App.

signing and settling of cases by the trial judge after the expiration of his term of office, when his term of office shall expire during the time fixed for making or settling and signing a case, and he cannot act in any other way or under other circumstances than those named in the statute."

"Counsel suggest that as no time had been fixed for settling and signing the case, therefore the statute was not disobeyed in the settling and signing of the case now before us. The statute gives authority only for the person who tried the case to certify, sign and settle the same after he is out of office, when his term of office shall have expired or expires during the time fixed for making or settling and signing a case; and if no time is fixed by the order of the court for settling and signing the case, the time fixed for making the case must control."

We have held, in the case of *A. T. & S. F. Rld. Co. v. Leeman* (5 Kan. App. 804, 48 Pac. Rep. 932), that a judge *pro tem.* has no power, after he ceases to act as such judge, to extend the time for making and serving a case-made. Considering the facts before us in the light of the decisions referred to, it will be seen that the judge *pro tem.* had no authority to settle the case-made herein after the expiration of 228 days from May 14, 1892. The certificate shows that it was settled 294 days after that date. The case-made is therefore invalid.

The motion to dismiss is sustained.