THE NATIONAL MORTGAGE AND DEBENTURE COMPANY
v. THE ST. JOHN & MARSH COMPANY.

**No. 358.**

1. PRACTICE, DISTRICT COURT—*Power of Judge to Settle Case-made—Former Decisions Modified.* The construction of the statutes relative to the powers of a judge to settle a case after his term of office expires contained in *Waterfield v. Bank*, 6 Kan. App. 743, 50 Pac. 971, and *Insurance Co. v. Nichols*, id. 923, 50 Pac. 940, modified.

2. ———— *Settlement of Case-made—Expiration of Term of Trial Judge.* When the term of the trial judge expires *before* the time fixed for making and serving a case, he should settle the case the same as if his term had not expired, and if his term ex-

pires after the time fixed for making and serving a case, yet if the time for settling a case had been fixed *before* the expiration of his term, which time did not expire until after the expiration of his term, he should also settle the case.

3. ———— *Record Examined — No Error Discovered.* We have carefully examined the arguments of counsel and the record, and are unable to say that the trial court committed error requiring the reversal of the judgment.

Error from Reno district court; H. FIERCE, judge *pro tem.* Opinion filed October 15, 1898. Affirmed.

*McKinstry & Fairchild,* for plaintiff in error.

*John W. Roberts,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: The question of our jurisdiction to decide this case on its merits has been raised by a motion to dismiss the petition in error. It is contended that the case-made was not served on certain parties who are necessary parties in this court and that the judge had lost jurisdiction at the time the case-made was settled. After a careful examination of the record and briefs, we are unable to say that the interests of any of the parties below not brought into this court will be affected, or that their rights will be disturbed or changed by a reversal of the judgment in this case.

This action was tried before H. Fierce, Esq., as judge *pro tem.,* who adjourned the March term of the district court of Reno county on August 1, 1893. The motion for a new trial was overruled June 26, 1893, and sixty days thereafter were given to make and serve a case, and ten days thereafter to suggest amendments. On August 23 the case was served on the attorney for the St. John & Marsh Company, no amendments were suggested, and on September 23,

1893, the case was settled in the presence of the attorneys for the plaintiff and defendant in error without objection.    In *Waterfield v. Bank*, 6 Kan. App. 743, 50 Pac. 971, and *Insurance Co. v. Nichols*, id. 923, 50 Pac. 940, both of which were cases similar to this, we held that the judge had no authority to settle the case-made.    A careful reexamination of the statute and the decisions of the supreme court on that subject satisfies us that the decisions in those cases were erroneous.    Section 590 of chapter 95 of the General Statutes of 1897 (Gen. Stat. 1889, ¶ 4650), in part, reads :

" When the term of office of the trial judge shall have expired, or may hereafter expire *before* the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."

We are now of the opinion that the proper construction of this statute is that, when the term of the trial judge expires *before* the time fixed for making and serving a case, he should settle the case the same as if his term had not expired ; and if his term expires *after* the time fixed for making and serving a case, yet if the time for settling a case had been fixed *before* the expiration of his term, which time did not expire until after the expiration of his term, he should also settle the case.    In this case the time fixed for making and serving a case expired on August 25, but the term of the judge *pro tem.* expired *before* that time.    If the term of the judge *pro tem.* had expired *after* August 25 and no time had been fixed for settling the case while the judge was in office, he would have been without authority to settle the case.    In the case of *K. & C. P. Rly. Co. v. Wright*, 53 Kan. 272, 36 Pac. 331, on which this court relied in the case of *Insurance Co. v. Nichols*, supra, the term of office of the trial judge expired

*after* the time fixed for making and serving the case and *after* the time fixed to suggest amendments had expired and no notice of the time when the case would be settled had been served, nor had any time been fixed by the court or judge for settling the case.

When no time is fixed, either by the court or by notice, for the signing and settling of a case, it cannot be said that the term of office of the trial court expired *before* the time fixed for signing and settling the case, and we must be confined to the single inquiry, Did the term of office of the judge who tried the case expire *before* the expiration of the time fixed for making and serving the case? If so, he can settle the case the same as though his term of office had not expired. If his term of office expired *after* the expiration of the time fixed for making and serving the case, he is without authority to settle the case.

We shall hereafter be governed by the conclusions reached in this case instead of by the decisions in *Insurance Co. v. Nichols*, supra, and *Waterfield v. Bank*, supra. The case therefore was properly settled by the judge *pro tem.* and the motion to dismiss is overruled.

This action was originally commenced in the district court of Reno county by the Hutchinson Hardware Company to foreclose a mechanic's lien on certain lots in the city of Hutchinson, Kan., owned by one Frank Kenner. Kenner, the plaintiff in error and the defendant in error were made defendants. Several others who had liens filed interpleas. The defendant in error answered, setting up a mechanic's lien, and filed a cross-petition asking for its foreclosure. The plaintiff in error answered setting up a mortgage lien, and filed a cross-petition asking that Mrs. Kenner be made party defendant and asking for the foreclosure of its

mortgage. Each claimed a prior lien. The inquiry in this case in the court below narrowed down to the question of the priority of the liens of these parties, plaintiff and defendant in error. It was admitted that each had a valid lien and that the mortgage of the plaintiff in error was filed and became a lien on May 15, 1889, and that the mechanic's lien of defendant in error was filed September 30, 1889. The question of fact to be determined by the court was as to the time of the commencement of the building. It is admitted that the commencement of a building is the digging or excavating for the foundation walls. The evidence on this point is conflicting.

A. N. Merrill testified that he was the stone-mason who put in the foundation, and that he did the work on the 14th, 15th and 16th days of May, 1889. Other witnesses testified that the foundation was not commenced until after the 15th of May, 1889. The court found that the foundation was commenced on the 13th or 14th day of May and finished on the 16th day of May, 1889, and rendered judgment giving the lien of defendant in error priority. This finding being sustained by some competent evidence, we cannot disturb it.

It is contended by plaintiff in error that " the court erred in admitting evidence that certain material was delivered on the ground at a date earlier than the filing of the mortgage, . . . for the reason that it in no way tended to prove on what day or when construction of building was actually commenced." The plaintiff in error introduced certain witnesses who testified that there was no material on the lots on the 15th of May. This evidence was proper only as tending to show the actual date of the commencement of the building.

It is also contended that the court erred in admitting certain books in evidence.   The books are not contained in the record and we cannot say that their introduction was error.   We have carefully examined the arguments of counsel and the record and are unable to say that the trial court committed error requiring the reversal of the judgment.

The judgment of the district court is affirmed.