THE STODDARD MANUFACTURING COMPANY v. THE COLUMBIA MANUFACTURING COMPANY AND ELI P. WILLIAMS.

No. 833.*

1. PRACTICE, DISTRICT COURT—*Settlement of Case-made—Former Decisions Modified.* The construction of the statutes relative to the powers of a judge to settle a case after his term of office expires contained in *Waterfield v. Bank,* 6 Kan: App. 743, 50 Pac. 971, and *Insurance Co. v. Nichols,* 6 id. 923, 50 Pac. 940, modified.

2. ———— *Expiration of Term of Trial Judge—Time.* When the term of the trial judge expires before the time fixed for making and serving a case, he should settle the case the same as if his

* Reversed by supreme court March 10, 1900. See 61 Kan.—REP.

Stoddard v. Manufacturing Co.

term had not expired; and if his term expires after the time fixed for making and serving a case, yet if the time for settling a case had been fixed before the expiration of his term, which time did not expire until after the expiration of his term, he should also settle the case. (*Debenture Co. v. St. John*, ante, p. 554, 54 Pac. 798.)

Error from McPherson district court; ANSEL R. CLARK, judge *pro tem.* Opinion filed May 12, 1899. Motion to dismiss overruled.

*Geo. W. Allison*, for plaintiff in error.

*Grattan & Grattan*, and *Frank O. Johnson*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This case was tried in the district court of McPherson county before a judge *pro tem.* on the 16th day of June, 1897, and a verdict rendered for the defendants in error. The motion for a new trial was overruled on the 24th day of June, 1897, and the following order was made by the trial judge: "And thereupon the plaintiff asked and was granted 150 days to make and serve a case-made, and the defendant given twenty days to suggest amendments thereto, and to be settled on ten days' notice given by either party; and a stay of execution for 150 days is granted the plaintiff."

This order gives 180 days within which time the case-made must be allowed, settled, and signed. No order extending the time was made, and the case was not allowed, settled and signed until the 2d day of May, 1898, more than 120 days after the time given by the court had expired. The plaintiff in error contends that the judge *pro tem.* did not have the power to allow, settle and sign the case at this time.

In the opinion of the writer the objection is well

taken, and is supported by the decisions of the supreme court and the former decisions of this court. (*M. K. & T. Rly. Co. v. City of Fort Scott*, 15 Kan. 478 ; *Weeks v. Medler*, 18 id. 425 ; *St. L. & S. F. Rly. Co. v. Corser*, 31 id. 706, 3 Pac. 569 ; *K. & C. P. Rly. Co. v. Wright*, 53 id. 272, 36 Pac. 331 ; *A. T. & S. F. Rld. Co. v. Leeman*, 5 Kan. App. 804, 48 Pac. 932 ; *Waterfield v. Bank*, 6 id. 743, 50 Pac. 971 ; *Rhodes v. Rhodes*, 6 id. 739, 50 Pac. 972 ; *Insurance Co. v. Nichols*, 6 id. 923, 50 Pac. 940.) The last case was certified to the supreme court and the order of this court dismissing the case was affirmed. (60 Kan. 856, 55 Pac. 1101.)

In the case of *Debenture Co. v. St. John*, ante, p. 554, 54 Pac. 798, the former decisions of this court are reviewed, and the conclusions of the majority stated by the presiding judge, as follows :

" In *Waterfield v. Bank*, 6 Kan. App. 743, 50 Pac. 971, and *Insurance Co. v. Nichols*, 6 Kan. App. 923, 50 Pac. 940, both of which are cases similar to this, we have held that the judge had no authority to settle the case made. A careful reexamination of the statute and the decisions of the supreme court upon that subject satisfies us that the decisions in those cases are erroneous. Section 590 of chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4650), in part reads :

" ' When the term of office of the trial judge shall have expired or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired.' "

" We are now of the opinion that the proper construction of this statute is that when the term of the trial judge expires before the time fixed for making and serving a case, he should settle the case the same as if his term had not expired ; and if his term expires after the time fixed for making and serving a case, yet if the time for settling a case had been fixed before the expiration of his term, which time did not expire until after the expiration of his term, he should also settle the case. In this case the time fixed for making

Stoddard v. Manufacturing Co.

and serving a case expired on August 25, but the term of the judge *pro tem.* expired before that time.   If the term of the judge *pro tem.* had expired after August 25, and no time had been fixed for settling the case while the judge was in office, he would have been without authority to settle the case.   In the case of *K. & C. P. Rly. Co. v. Wright*, 53 Kan. 272, 36 Pac. 331; upon which this court relied in the case of *Insurance Co. v. Nichols*, supra, the term of office of the trial judge expired after the time fixed for making and serving the case, and after the time fixed to suggest amendments had expired, and no notice of the time when the case would be settled had been served, nor had any time been fixed by the court or judge for settling the case.   When no time is fixed, either by the court or by notice, for the signing and settling of a case, it cannot be said that the term of office of the trial court expired before the time fixed for signing and settling the case, and we must be confined to the single inquiry, Did the term of office of the judge who tried the case expire before the expiration of the time fixed for making and serving the case?   If so, he can settle the case the same as though his term of office had not expired. If his term of office expired after the expiration of the time fixed for making and serving the case, he is without authority to settle the case.   We shall hereafter be governed by the conclusions reached in this case, instead of the decisions in *Insurance Co. v. Nichols*, supra, and *Waterfield v. Bank*, supra.   The case, therefore, was properly settled by the judge *pro tem.* and the motion to dismiss is overruled.''

Upon this authority, the motion to dismiss is overruled.

DENNISON, P. J., and MILTON, J., concurring.
SCHOONOVER, J., dissenting.