J. S. WALLACE v. CLINTON L. CALDWELL, *Assignee of Angell Mathewson & Co.*

No. 351. (59 Pac. 379.)

TRUST FUND—*Case Followed.* The general finding in favor of the defendant in error brings the facts in this case within the rule laid down in *Insurance Co. v. Caldwell*, 59 Kan. 156, 52 Pac. 440, which case is cited and followed.

Error from Labette district court; J. D. McCUE, judge. Opinion filed December 22, 1899. Affirmed.

*F. H. Foster*, for plaintiff in error.

*G. H. Webb*, for defendant in error.

The opinion of the court was delivered by

Dennison, P. J.: Our jurisdiction to decide the errors complained of is challenged upon the grounds that Judge Skidmore extended the time for making and serving the case-made after assuming the duties of the office, instead of Judge McCue, the outgoing judge who tried the case.

Slight diligence in examining the authorities would have shown that the judge in possession of the office, or the court, at the time the extension was made was the proper person or tribunal to extend the time, and that a judge, or a judge *pro tem.*, after his term of office has expired, cannot extend the time for making and serving a case-made. See *Hulme v. Diffenbacher*, 53 Kan. 181, 36 Pac. 60; *A. T. & S. F. Rld. Co. v. Leeman*, 5 Kan. App. 804, 48 Pac. 932.

This action was originally commenced in the district court of Labette county by the plaintiff in error to recover, from the funds coming into the hands of the defendant in error as assignee of Angell Mathewson & Co. the sum alleged to be due, and to charge the estate in his hands with the payment of said amount as a trust fund. The court decided adversely to the claim of the plaintiff in error, and he brings the case here for review. The facts in this case are very similar to those in *Insurance Co. v. Caldwell*, 59 Kan. 156, 52 Pac. 440, except that the court in this case made no findings of fact, except the general finding in favor of the defendant in error. This general finding is sufficient to sustain the judgment, if there is any evidence tending to support it. It may fairly be claimed from the evidence that the money which Angell Mathewson & Co. collected for plaintiff in error went to pay the general indebtedness of the firm

and the current expenses of its business. We think it may as well be claimed that it went to the betterment of the estate assigned, but the general finding is in favor of the first claim.

The judgment of the court is affirmed.