## CITY OF SHAWNEE V. FARRELL.

No. 471.   Opinion Filed November 23, 1908.

(98 Pac. 942.)

**JUDGES—Judge Pro Tempore—Powers.**   After he has ceased to sit as a court, a judge pro tempore has no power to extend the time for making and serving a case-made in an action tried before him; such an extension can only be granted by the regular district judge, who is in fact in possession of the office.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; J. H. Wahl, Special Judge.*

Action by James T. Farrell against the City of Shawnee. Judgment for plaintiff, and defendant brings error.   Dismissed.

*F. H. Reily* and *P. O. Cassidy,* for plaintiff in error.

*B. B. Blakeney,* for defendant in error.

KANE, J.   This motion to strike the case-made from the files and dismiss the appeal in the above-entitled cause must be sustained.   The cause was tried in the district court of Pottawatomie county before Hon. J. H. Wahl., acting as judge *pro tempore.*   On the 4th day of January, 1908, judgment was rendered therein in favor of the defendant in error, plaintiff below, a motion for a new trial overruled and the plaintiff in error, defendant below, was allowed 30 days in which to make and serve a case-made for the Supreme Court; 10 days were allowed to suggest amendments, case-made to be settled and signed upon 5 day's written notice by either party.   On the 27th day of January, 1908, the Hon. J. H. Wahl, the former judge *pro tempore,* made an order extending the period for making the case-made for 30 days from and after the time first allowed and giving the plaintiff 10 days thereafter in which to suggest amendments thereto, the same to be signed and settled on 5 days' written notice by either party.   The case-made

was signed and settled by "J. H. Wahl, Special Judge," on the 28th day of February, 1908, which would be out of time unless the former judge *pro tempore* had authority to make the order granting the extension.

The authorities seem to be uniformly to the effect that a judge *pro tempore* is without power to enter an order extending the time to make and serve a case-made for the Supreme Court after he has ceased to sit as a court. *A., T. & S. F. Ry. Co. v. Leeman,* 5 Kan. App 804, 48 Pac. 932; *A., T. & S. F. Ry. Co. v. McClure,* 5 Kan. App. 882, 48 Pac. 1117; *Hulme et al. v. Diffenbucher,* 53 Kan. 181, 36 Pac. 60; *Wallace v. Caldwell,* 9 Kan. App. 538, 59 Pac. 379. The first paragraph of the syllabus in the case of *A., T. & S. F. Ry. Co. v. Leeman, supra,* reads as follows:

"After he has ceased to sit as a court, a judge *pro tem.* has no power to extend the time for making and serving a case-made in an action tried before him; such an extension can only be granted by the regular district judge, who is in fact in possession of the office."

In *Wallace v. Caldwell, supra,* Dennison, P J., states the rule as follows:

"Slight diligence in examining the authorities would have shown that the judge in possession of the office, or the court at the time the extension was made, was the proper person or tribunal to extend the time, and that a judge, or a judge *pro tem.,* after his term of office has expired, cannot extend the time for making and serving a case-made."

Section 4742, Wilson's Rev. & Ann. St. 1903, provides that:

"The court or judge may upon good cause shown, extend the time for making a case and the time in which the case may be served.  *  *  *"

The court will take judicial notice that the Honorable W. N. Maben was the regular judge of the court wherein the order extending time was made. This being so he or the court over which he presides must be presumed to be the judge or court authorized by statute to make the order.

The case of *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865, is

in point on the question. In that case the cause was tried before Hon. Bayard T. Hainer, while Hon. John H. Burford was judge of the court. Judge Burford made the order extending the time, Mr. Justice Garber, who wrote the opinion of the court, says:

"In this case Hon. Bayard T. Hainer was the trial judge, while Hon. John H. Burford was the judge of the court, the regular appointed and acting judge of the district court of that county, and in possession of the office, and as such he had power to grant the extension at chambers."

Upon the authority of the foregoing cases the case-made must be held to have been signed and settled out of time, and, as there are no questions presented for review except those which must be brought into the record by a case-made or bill of exceptions, the appeal is dismissed without prejudice.

All the Justices concur.