Horner *et al.* v. Goltry & Sons.

No. 581.   Opinion Filed May 12, 1909.   .

(101 Pac. 1111.)

1.   **APPEAL  AND  ERROR**—Case-Made — Settlement — Power  of Judge to Extend Time—Special Judge.  A special judge or judge pro tempore, while possessing the power to sign and settle a case-made after he has ceased to sit as judge, has no power to extend the time for its settlement and signing, and, where he attempts to do so, his act is a nullity.

2.   **APPEAL AND ERROR**—Dismissal—Failure to File Brief in Time. A case will be dismissed in this court on motion where counsel for plaintiffs in error file no briefs within the time, and no stipulation in reference thereto is made, and no extension is either asked or allowed when such motion is properly served and filed asking such dismissal.

(Syllabus by the Court.)

*Error from District Court, Garfield County; Winfield Scott, Special Judge.*

Action between Harry N. Horner and another and Goltry & Sons.  From the judgment, Horner and such other bring error, and Goltry & Sons move to dismiss the petition in error.  Petition dismissed. ⸗

*Sturgis, Moore & Manatt,* for plaintiffs in error.

*Zinser & Helsell,* for defendant in error.

Dunn, J.   Two question are presented in the motion to dismiss the petition in error in this case.  The first is:  May a special judge or a judge *pro tempore,* after he has ceased to sit in the cause, extend the time for making and serving a case-made.

The facts out of which this question arises are as follows: On May 12, 1908, the motion for new trial in the above-entitled cause was by Winfield Scott, the special judge who tried the same, overruled, and 60 days given plaintiffs in error within which to prepare and serve a case-made preparatory to appealing the case to this court.  On July 10, 1908, on the application of

plaintiffs in error, the said special judge granted an order extending the time for making and serving the case to August 12, 1908. The case-made was served August 11, 1908. Defendants in error filed their motion in this court moving the dismissal of the cause, urging the contention that the special judge was without authority to grant such extension of time; that this power is vested alone in the regular court or judge, who may upon good cause shown, extend the time for making a case, and fix the time within which the same shall be served. In our judgment defendant's motion is well taken, and should be sustained.

Section 544, art. 22, c. 66 (section 4742) Wilson's Rev. & Ann. St. Okla. 1903, provides:

"The court or judge may, upon good cause shown, extend the time for making a case, and the time within which the case may be served. * * * And in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire, before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."

The power of a judge *pro tempore* to act under the foregoing statute has already been determined by this court in the case of *City of Shawnee v. Farrell*, 22 Okla. 652, 98 Pac. 982, wherein we held:

"After he has ceased to sit as a court, a judge *pro tempore* has no power to extend the time for making and serving a case-made in an action tried before him. Such an extension can only be granted by the regular district judge, who is, in fact, in possession of the office."

This same statute has also received a construction at the hands of the appellate courts of Kansas in a number of earlier cases. *Hulme et al. v. Diffenbacher*, 53 Kan. 181, 36 Pac. 60; *Wallace v. Caldwell*, 9 Kan. App. 538, 59 Pac. 379; *Atchison, T. & S. F. R. Co. v. Leeman*, 4 Kan. App. 804, 48 Pac. 932.

In the case of *Hulme v. Diffenbacher, supra,* referring to the section of the statute above quoted, Justice Allen, who wrote the opinion for the court, says:

"It will be noticed that the first part of the section gives authority to the court or judge to grant an extension of time. The last part gives authority to the judge who tried the case to sign and settle, notwithstanding the fact that his term of office may have expired. The reason for granting this power to the individual who has ceased to be an officer is perfectly apparent. He has knowledge of what occurred at the trial, while his successor in office may know nothing about it. The authority granted by the terms of the statute is limited to the one duty of settling and signing the case because of this necessity. Whether an order for extending the time for making and serving a case should be granted depends on circumstances arising after the trial, and having no necessary connection with it. As to these circumstances, and as to the propriety of making such an order, the new judge has substantially as good opportunities for deciding understandingly as the old. In the absence of any strong reason for holding otherwise, we think the language used by the Legislature should be given its usual and ordinary meaning, and that in terms it gives the court, or the judge of the court, power to grant the extension. That means the court in session or the judge who is in fact in possession of the office."

In the case of *Wallace v. Caldwell, supra,* from the Court of Appeals of Kansas, Dennison, Presiding Justice, says:

"A judge or a judge *pro tempore* after his term of office has expired cannot extend the time for making and serving a case-made."

In the case of *Atchison, T. & S. F. R. Co. v. Leeman, supra,* Judge Abbott sat as the judge *pro tempore* in the trial of the cause, and, after he had ceased to sit as such, he extended the time for making and serving a case-made. A motion was made in that cause in the Court of Appeals to dismiss it on the ground that a judge *pro tempore* has no power to extend the time to make and serve a case-made, except while he is holding court, and on this the Court of Appeals said:

"The power to extend the time for making and serving a case-made resides with the court when in session, whether presided over by the regular district judge or a judge *pro tem.,* and with the district judge who is, in fact, in possession of the office. While holding court the powers of the judge *pro tem.* are as ample

as those of the regular judge when sitting as a court; but, when the court has finally adjourned, the judge *pro tem.* is shorn of nearly all of his judicial powers. On January 27, 1896, Judge Abbott had no connection with the office of district Judge. Another person held that office, and was exercising its functions. The latter alone possessed the power, under the statute, to make the order which Judge Abbott then attempted to make. The case-made cannot therefore be considered as such by us. We find, however, that it is certified as a transcript, and we shall not dismiss the proceedings, but will permit the plaintiffs in error to treat the purported case-made as a transcript."

In this case, as in the one just referred to, there is a certificate of the clerk of the district court to the transcript of the record and in the petition in error errors are alleged, which, if they exist, would appear upon the face of the record proper, and we should not dismiss this cause but retain it as did the court in the case last cited, were we not confronted by the second ground mentioned in the motion, wherein defendants in error move and ask for dismissal for the reason that plaintiffs in error have failed to comply with rule 7 of this court (20 Okla. vii, 82 Pac. xiii), providing for the serving and filing of briefs herein; the time for filing of the same having expired, and no stipulation having been entered into nor extension of time asked or granted therefor by the court. This motion appears to have been duly served.

For this reason the petition in error is dismissed.

All the Justices concur.