## MURPHEY v. FAVORS.

No. 3262. Opinion Filed January 9, 1912.

(120 Pac. 641.)

**APPEAL AND ERROR** — Case-Made — Powers of Special Judge.  A special judge or a judge pro tempore has no power, after he ceases to sit as a judge, to extend the time for making and serving a case-made; and, where he attempts to do so, his act is a nullity.

(Syllabus by the Court.)

*Error from Superior Court, Logan County;
Milton Brown, Judge pro tem.*

Action between James Murphey and S. J. Favors.  From the judgment, Murphey brings error.  Dismissed.

*C. G. Horner,* for plaintiff in error.

*Burford & Burford* and *Devereux & Hildreth,* for defendant in error.

HAYES, J.  The regular judge of the court below was disqualified to try this cause, and a special judge, elected for that

Opinion of the Court.

purpose, presided at the trial.   Upon the rendition and entry
of final judgment, an order was made by the court extending the
time for a period of 30 days for making and serving a case-made
by plaintiff in error.   The case-made was not made and served
within the time granted by this order; but during said period
of 30 days, another order was made by the special judge,
granting a further extension of 60 days.   During said period
of 60 days, the regular judge made an order granting an ex-
tension for a further period of time, within which the case-made
was served.   But, since the order made by the regular judge
was not made within the time originally granted by the court,
such order is void, if· the special judge was, after he had ceased
to sit as judge of the court at the trial, without authority to ex-
tend the time for making and serving the case.

A motion to dismiss, directed against the validity of the case-
made, upon the ground that the special judge was without such
authority, has been filed by defendant in error, and it must be
sustained; for it has been several times held by this court that,
while a special judge or a judge *pro tempore* possesses the power
to sign and settle the case-made after he has ceased to sit as
judge, he has no power, after he ceases to sit as judge, to extend
the time for its service, settlement and signing; and, where he
attempts to do so, his act is a nullity.   *Casner v. Wooley,* 28
Okla. ·424, 114 Pac. 700; *Horner v. Goltry & Sons,* 23 Okla.
905, 101 Pac. 1111.

This proceeding in error is accordingly dismissed.

All the Justices concur.