## CANTWELL v. PATTERSON *et al.*

No. 5785.    Opinion Filed March 10, 1914.

(139 Pac. 517.)

**JUDGES—Judge Pro Tempore—Case-Made—Extension of Time.** After a judge pro tempore has ceased to sit as a court, he has no power to extend the time for making and serving a case-made in an action tried before him.

(Syllabus by the Court.)

*Error from County Court, Stephens County;*
*T. B. Reeder, Special Judge.*

Action between Julia F. Cantwell and A. W. Patterson and others. From the judgment the party first named brings error. Dismissed.

*Robert Burns* and *R. E. Bowling,* for plaintiff in error.

*J. W. Marshall* and *Sam E. Neilson,* for defendants in error.

HAYES, C. J.   This cause was tried in the court below before a judge *pro tempore,* who, after verdict had been returned and judgment rendered, granted to plaintiff in error 60 days within which to prepare and serve his case-made.   The case-made was not prepared and served within that time, but within that time plaintiff in error secured from the judge *pro tempore* an order extending the time within which to make and serve his case for the further period of thirty days; and the case-made was served within the time designated by the second order of extension.   Defendants in error have moved to dismiss the appeal for the reason that the judge *pro tempore* had no power after he ceased to sit in the case to grant additional time in which to prepare and serve the case; and the case-made having therefore been served out of time, said case-made is void.   That this contention of defendants in error is well taken has been held several times by this court.   *Casner v. Wooley,* 28 Okla. 424, 114 Pac. 700; *Horner v. Goltry & Sons,* 23 Okla. 905, 101 Pac. 1111. The proceeding in error is accordingly dismissed.

All the Justices concur.