## BRIDGMAN *et al.* v. ROBERTS, *Mayor.*

No. 5250.    Opinion Filed March 10, 1914.

(139 Pac. 518.)

1.  **STATUTES—Amendment to City Charter—Time of Taking Effect.**  Unless by its terms it clearly appears that it was intended that an amendment to a city charter shall take effect at a time subsequent to its passage and approval, it will go into effect at once upon its passage.

2.  **SAME.**  The general rule is that, where no time is expressly fixed by general constitutional or statutory provision, or by provision of the act itself, a law takes effect from its passage.

3.  **MUNICIPAL CORPORATIONS—Officers—Right to Abolish Office.**  In the absence of a constitutional limitation to the contrary, the power that creates a municipal office and fixes the tenure of the officer holding the same, may by an amendment of its charter abolish the office and its tenure at any time and create another office of like character with different tenure and salary, and a constitutional provision that in no case shall the salary or emoluments of any public officer be changed during his term of office does not impair such right.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Proceedings in mandamus by T. C. Bridgman and L. C. Slaughter against W. R. Roberts, Mayor of the City of Ardmore, Oklahoma.  Judgment for defendant, and plaintiffs bring error. Affirmed.

*J. B. Moore,* for plaintiffs in error.

*I. R. Mason,* for defendant in error.

KANE, J.  The plaintiffs in error, plaintiffs below, were members of the board of commissioners of the city of Ardmore, by virtue of the provisions of the charter of said city which provided that the board of commissioners shall be elected for the term of four years, and that their salaries shall be $600 per annum, to be paid in monthly installments at the end of each

month. After about two years of their term of office had ex-pired, the charter of the city was amended to read, "The legisla-tive power of the city shall be vested in a board of commissioners who shall hold their office for the term of two years, and each member shall be allowed and paid the sum of $2 for each and every meeting he shall personally attend; provided, that no mem-ber of such board shall receive for his services more than the sum of $104 per year." Another section of the city charter pro-vides that the mayor shall sign all warrants and orders drawn upon the treasury for money, and require the city clerk to attest same. After the city charter was amended as above, the mayor refused to sign the salary warrants of the above-named commis-sioners, drawn in pursuance of the charter prior to its amend-ment; whereupon the commissioners instituted proceedings in mandamus to compel the mayor to sign said warrants. The court below refused the relief prayed for, to reverse which ac-tion this proceeding in error was commenced.

The contention of the plaintiffs, as stated by their counsel in his brief, is that:

"There is nothing in said amendment hereinbefore set out in the statement of facts which shows, or would tend to show, that the voters intended that the same should apply to the com-missioners who, at the time of the adoption of said amendment, were in office. * * * We therefore contend that said amend-ment did not in any manner affect the incumbents in office, and that if it was intended that the same should, that then the same is void by virtue of section 10, art. 23 of the Constitution of Oklahoma, which provides as follows: 'Except wherein other-wise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed.' "

The position of counsel is untenable. There is nothing ap-parent on the face of the amended sections to indicate that it was intended the charter should take effect at a date long subsequent to its passage and approval. We are not advised whether the charter contains a provision fixing a definite time when city ordi-

nances and amendments to the charter shall take effect. The general rule, however, is, that where no time is expressly fixed by general constitutional or statutory provision, or by provision of the act itself, a law takes effect from its passage. There is no vested right in any municipal office. In the absence of a constitutional limitation to the contrary, the power that creates a municipal office and fixes the tenure of the officer holding the same, may, by an amendment of its charter, abolish the office and its tenure at any time, and create another office of like character with different tenure and salary, and a constitutional provision that in no case shall the salary or emoluments of any public officer be changed during his term of office does not impair such right. 28 Cyc. 401; *Gilbert v. City of Paducah* (Ky.) 72 S. W. 816.

For the reasons stated, the judgment of the court below must be affirmed.

All the Justices concur.