## TOWN OF LUTHER v. CROSSLEY.

No. 3812. Opinion Filed February 16, 1915.

(146 Pac. 583.)

OFFICERS—Abolishing Office—Change of Compensation. On the 30th day of November, 1910, C. was appointed "town marshal and street commissioner" for the town of L., at a salary of $45 per month as full compensation for the services rendered in both capacities. On the 6th day of July, 1911 the board of trustees of said town by resolution abolished the office of street commis-

Town of Luther v. Crossley.

sioner and, fixed the salary of town marshal at $15 per month. Held, that the action taken by the board of trustees of the town on the 6th day of July, 1911, is not repugnant to section 10, art. 23, Williams' Constitution, which provides: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed."

(Syllabus by the Court.)

*Error from County Court, Oklahoma County;*

*John W. Hayson, Judge.*

Action by S. C. Crossley against the Town of Luther, a municipal corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to enter judgment for defendant.

*Grant Stanley,* for plaintiff in error.

*Sam Hilton* and *Wm. H. Zwick,* for defendant in error.

KANE, C. J. This was an action commenced by the defendant in error, plaintiff below, against the town of Luther, for the purpose of recovering the sum of $135, which the plaintiff alleges the town of Luther owed him for services rendered in the capacity of marshal. Upon trial before the court without a jury, judgment was rendered as prayed for, to reverse which this proceeding in error was commenced.

The record shows that on the 30th day of November, 1910, the plaintiff was appointed "town marshal and street commissioner" for the town of Luther, at a salary of $45 per month as full compensation for the services rendered in both capacities. On the 6th day of July, 1911, the board of trustees of the town by resolution abolished the office of street commissioner and fixed the salary of town marshal at $15 per month. Thereafter this

action was commenced upon the theory that the action taken by the board of trustees of the town on the 6th day of July, 1911, was repungant to section 10, art. 23, of Williams' Constitution, which provides that:

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed."

We cannot agree with this contention. Even conceding that the town marshal belongs to the class of officers who have a "term of office" within the purview of the constitutional provision above quoted, still the facts disclosed herein do not bring his case within the protection thereof. It will be observed that the plaintiff originally was appointed "town marshal and street commissioner," and that his salary for both positions was fixed at $45 per month. There was no law providing a salary for the office of town marshal as such until the action taken by the board of trustees of the town on the 6th day of July, 1911, which fixed it at $15 per month. Upon the office of street commissioner being abolished by the municipal authorities, which undoubtedly they had power to do, a necessity arose for a readjustment of salaries upon the new basis.

There is nothing in the Constitution which prohibits or interferes with this sort of readjustment of municipal affairs by the proper municipal authority. In the case of *Bridgman et al. v. Roberts, Mayor,* 40 Okla. 495, 139 Pac. 518, the plaintiffs in error were members of the board of commissioners of the city of Ardmore, by virtue of the provisions of the charter of said city, which provided that the board of commissioners shall be elected for the term of four years, and that their salaries shall be $600 per annum, to be paid in monthly installments at the end of each

month.   After about two years of their term of office had expired, the charter of the city was amended to read:

"The legislative power of the city shall be vested in a board of commissioners who shall hold their office for the term of two two years, and each member shall be allowed and paid the sum of $2 for. each and every meeting he shall personally attend: Provided, that no member of such board shall receive for his services more than the sum of $104 per year."

After the city charter was amended as above, the mayor refused to sign the salary warrants of the commissioners, whereupon they instituted proceeding in mandamus to compel the mayor to sign said warrants, upon the theory that the section of the charter which attempted to change the salary of the commissioners was in conflict with section 10, art. 23, of the Constitution.   The court held in that case that:

"In the absence of a constitutional limitation to the contrary, the power that creates a municipal office, and fixes the tenure of the officer holding the same, may by an amendment of its charter abolish the office and its tenure at any time, and create another office of like character, with different tenure and salary, and a constitutional provision that in no case shall the salary or emoluments of any public officer be changed during his term of office does not impair such right."

It seems to us that the two cases are somewhat similar in principle.   As it is conceded by counsel for the respective parties that the plaintiff would be entitled to recover the amount sued for, if the action of the board of trustees of the 6th day of July, 1911, is held to be repugnant to the constitutional provisions, otherwise not, the judgment of the court below must be reversed, and the cause remanded, with directions to enter judgment for the defendant for costs.

It is so ordered.

All the Justices concur.