## BRADLEY v. FARMERS' STATE BANK.

No. 6290.  Opinion Filed March 2, 1915.

(147 Pac. 302.)

JUDGES—Making and Serving Case-made—Extension of Time—Special Judge.  After a special judge or a judge pro tempore has ceased to sit as a court, he has no power to extend the time for making and serving a case-made in an action tried before him; and where he attempts so to do, his act is a nulity.

(Syllabus by the Court.)

*Error from County Court, Sequoyah County;*

*Wilson O. Bruton, Special Judge.*

Action by the Farmers' State Bank against David Bradley. Judgment for plaintiff, and defendant brings error. Dismissed.

*Watts & Watts* and *Alvin F. Molony,* for plaintiff in error.

*McCombs & McCombs,* for defendant in error.

SHARP, J.   Upon the call of the case for trial in the court below, the regular county judge of Sequoyah county made known his disqualifications to preside at the trial, and thereupon it was agreed that Wilson O. Bruton, a member of the bar of Sequoyah county should act as special judge. The case being tried, a verdict was returned by the jury in favor of the plaintiff, and defendant on the same day duly moved the court for a new trial. This motion came on to be heard on November 1, 1913, and, being overruled, the defendant asked and was granted a 90-day extension of time within which to prepare and serve a case-made for appeal. On January 19, 1914, said Wilson O. Bruton, claiming still to act as special county judge, granted the defendant 30 days' additional time in which to prepare and serve his case-made, and again, on the 27th day of February following, made a like order extending the time for 30 days additional. The case-made was served on the attorneys for plaintiff March 28, 1914, or beyond the time fixed in the original order of November 1st. A motion to dismiss the appeal has been filed in this court on the ground that the case-made was not served within the time originally fixed by the special judge, and that said special judge was without authority to grant an extension of time after he had ceased to sit as a judge in said case. The motion must be sustained. The precise question has been before this court on numerous occasions, and we have uniformly held that, after a special judge or a judge *pro tempore* has

ceased to sit as a court, he has no power to extend the time for making and serving a case-made in an action tried before him; and that, where he does so, his act is a nullity. *City of Shawnee v. Farrell,* 22 Okla. 652, 98 Pac. 942; *Horner v. Goltry & Sons,* 23 Okla. 905, 101 Pac. 1111; *Casner v. Wooley,* 28 Okla. 424, 114 Pac. 700; *Murphy v. Favors,* 31 Okla. 162, 120 Pac. 641; *City of Shawnee v. State Pub. Co.,* 33 Okla. 363, 125 Pac. 462, 42 L. R. A. (N. S.) 616; *Cantwell v. Patterson et al.,* 40 Okla. 496, 139 Pac. 517.

The proceeding in error, for the reason stated, is dismissed.

All the Justices concur.