OSBORNE v. CHICAGO, R. I. & P. RY. CO. *et al.*

No. 4850.  Opinion Filed March 16, 1915.

(147 Pac. 301.)

APPEAL AND ERROR—Making and Serving Case-made—Extension of Time—Judge Pro Tempore. After a judge pro tempore has ceased to sit as a court, he has no power to extend the time for making and serving case-made in an action tried before him.

(Syllabus by the Court.)

*Error from District Court, Grady County;*

*R. H. Hudson, Special Judge.*

Action by James K. Osborne against the Chicago, Rock

Island & Pacific Railway Company and another. Judgment for defendants, and plaintiff brings error. Dismissed.

*Bond & Melton,* for plaintiff in error.

*C. O. Blake, R. J. Roberts* and *W. H. Moore,* for defendants in error.

PER CURIAM. This cause was tried in the district court of Grady county before a judge *pro tempore,* who, after overruling plaintiff's motion for a new trial granted him 60 days in which to make and serve case-made. The case-made was not prepared and served within that time, but before the expiration of that time plaintiff in error secured from the judge *pro tempore* an order extending the time within which to make and serve his case, 60 days from the time theretofore granted. The case-made was served within the time designated within the second order. The defendant in error now moves to dismiss the appeal for the reason that the judge *pro tempore* had no power after he had ceased to sit in the case to make this second order, and, the case-made having been served out of time, the same is void. The contention of defendant in error is correct. Such has become the established rule of procedure in this jurisdiction. *Horner v. Goltry & Sons,* 23 Okla. 905, 101 Pac. 1111; *Cantwell v. Patterson,* 40 Okla. 497, 139 Pac. 517.

The proceeding in error is accordingly dismissed.