## FIRST STATE BANK OF MOUNTAIN PARK v. SCHOOL DIST. NO. 65, TILLMAN COUNTY.

No. 8734—Opinion Filed March 6, 1917.

Rehearing Denied April 17, 1917

(164 Pac. 102.)

(Syllabus by the Court.)

**Judges—Case-Made—Extension of Time— Authority of Judge.**

A district judge, who has been assigned by order of the Chief Justice to hold court in a county outside of the district in which he is elected, has no authority, after the expiration of the time fixed in the order assigning him to hold court in said county, to grant an extension of time in which to prepare and serve case-made, in a case tried before him while lawfully holding court in such county.

Error from District Court, Tillman County; Cham Jones, Assigned Judge.

Action between the First State Bank of Mountain Park, Okla., and School District No. 65, Tillman County, Okla. Judgment for the latter, and the former brings error. Appeal dismissed.

S. P. Freeling, Atty. Gen., J. I. Howard, Asst. Atty. Gen., and C. C. Black, for plaintiff in error.

John E. Williams, for defendant in error.

HARDY, J. On December 29, 1916, defendant in error filed in this cause motion to dismiss for the reason that the case-made was not signed and settled by the trial judge within any valid extension of time allowed by law or by the court.

This case was tried before Hon. Cham Jones, one of the regularly elected district judges of the state, who had been assigned by the Chief Justice of the Supreme Court

to hold court in Tillman county, one of the counties of the Twenty-Fifth judicial district. On May 6, 1916, motion for new trial was overruled, and plaintiff in error given 90 days in which to make and serve case-made. On August 3, 1916, after the expiration of the time fixed in the order assigning him to hold court in said county, the said judge made an order granting an extension of 60 days from last-mentioned date.

In Osborne v. Chicago, R. I. & P. R. Co., 45 Okla. 817, 147 Pac. 301, it was held that after a judge pro tempore had ceased to sit as a court, he has no power to extend the time for making and serving case-made in an action tried before him. That was a case tried in the district court of Grady county before R. H. Hudson, the regularly elected district judge of the Twenty-Fourth judicial district, who had been assigned by the Chief Justice to hold court in Grady county, in the Fifteenth judicial district. After overruling plaintiff's motion for a new trial, 60 days was granted within which to prepare and serve case-made. The case-made was not prepared and served within the allowed time, and before the expiration of the first extension the said judge granted another extension of 60 days from the time theretofore granted. Defendant in error moved to dismiss the appeal for the reason that the judge pro tempore had no power to make said second order of extension after he had ceased to sit in the cause. The court held the contention of defendant in error to be correct.

Upon the above authority, this cause must be and is dismissed.

All the Justices concur.