DAVIS and others vs. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF MENASHA and others.

*Bill of Exceptions, by whom to be settled.*

1 This court has no power to settle a bill of exceptions in a cause tried at the circuit court, where the judge before whom the trial was had died before the bill was settled; nor under any other circumstances.

2. It is the practice in this state for the judge before whom the cause was tried, if living, to settle the bill of exceptions, even after the expiration of his term of office; and there seems to be no objection to this practice. Per COLE, J.

COLE, J.   This is an application to this court to settle a bill of exceptions in a cause appealed to this court, or for such other relief in the premises as the court may think proper to grant.

The cause was tried before the late Judge Wheeler at the September term of the circuit court for Winnebago county, 1863.   The time for serving and settling the bill of exceptions was extended by various orders until after the decease of the circuit judge.   We know of no provision of the statutes which authorizes this court to settle a bill of exceptions, and we not think we have the power to do it under the common law practice.   According to that practice it is of course essential that the bill of exceptions be settled and signed by the judge who tried the cause.   See also sec. 12, chap. 264, Laws of 1860. He knows what took place on the trial, what questions of law were raised and decided, and seems to be the most suitable person to settle the exceptions for the review of the appellate court.   In this state it has been the common practice for the judge who tried the cause to settle the bill of exceptions even after his term of office, and we can see no objection to his doing so.   But, as already observed, no power is given this court by statute to settle a bill of exceptions in a cause tried at the circuit, in any contingency.

At the same time it seems desirable, in order to prevent a failure of justice, that the legislature make some provision for the settlement of a bill of exceptions in the case of the decease of the circuit judge who tried the cause, or his removal from the state before the same is settled.   In such a case, the bill of exceptions might perhaps be settled before this court, or the circuit court, or a judge thereof, upon affidavits and the minutes of the judge who tried the cause, if such minutes could be obtained.   It seems to us desirable that some such provision should be made ; and this suggestion is made for the purpose of calling the attention of the legislature to the subject.   See *Morse v. Evans*, 6 How. Pr. R., 445 ; *Milvehal v. Milward*, 2

Duer, 607 ; *Law v. Jackson*, 8 Cow., 746. As the law now stands, we do not think we have any power to settle the bill of exceptions.

*By the Court.*—The application is denied.