HALE vs. HASELTON and others.

*Bill of exceptions, by whom to be settled.*—*Usury : burden of proof.*

1. The judge before whom a cause was tried may settle the bill of exceptions therein after his term has expired.
2. The fact of usury, when relied on as a defense, must be satisfactorily proven; and the judgment in this case (based on a finding by the court that there was usury) is reversed because the evidence as to that point is in equipoise.

APPEAL from the Circuit Court for *Rock* County.

Action on a note and mortgage executed by *Haselton* to the plaintiff in August, 1858, for $500, with interest at 12 per cent. Defense, usury. The facts will appear from the opinion. The circuit court found that $10 was paid by defendant and received by plaintiff as a bonus, in addition to the highest rate

of interest allowed by law; and held that plaintiff, under the statute in force at the time of the loan, could not recover any interest, but only the balance of the principal sum due after applying all payments to the reduction thereof; and judgment was rendered accordingly; from which the plaintiff appealed.

*Sloan & Patten*, for appellant, contended, not only that there was no sufficient proof that any bonus was charged by the agent but that the agent might take $10 "for his services" rendered at the borrower's request, without rendering the loan usurious (*McFarland v. Carr*, 16 Wis., 259); that if the agent made such a charge without the authority or knowledge of the plaintiff, the note was not usurious (*Condit v. Baldwin*, 21 N. Y., 219; *Bell v. Day*, 32 N. Y., 165; *Fellows v. Comm'rs &c.*, 36 Barb., 655; *Porter v. Mount*, Law Reg., March, 1866, p. 301; *McFarland v. Carr*, 16 Wis., 259; *Dole v. Northrop*, 19 id., 249); and that the variance between the answer and the evidence, as to the terms of the contract and the amount of usury taken, was fatal. *Smith v. Brush*, 8 Johns., 85; *Lawrence v. Knies*, 10 id., 147; *Richards v. Worthley*, 5 Wis., 75; *Gasper v. Adams*, 28 Barb., 441; *Griggs v. Howe*, 31 id., 100; *Dole v. Northrop*, 19 Wis., 249.

*Moses S. Prichard*, for respondent, contended that there was no proper bill of exceptions, the person by whom the bill attached to the record was signed, not being in office at that time (*State v. Larrabee*, 3 Wis., 783; *Phelps v. Conant*, 30 Vt., 277); and that it was clear from the plaintiff's own testimony that the actual amount loaned to the defendant was less than $500, which rendered the transaction usurious.

COLE, J. It was objected on the argument, that there was no proper bill of exceptions in this case. It seems that the bill of exceptions was settled and signed by Judge Noggle after his term of office had expired. And it is said that a circuit judge, after his term of office expires, has no right or authority to settle a bill of exceptions in a case tried before him.

In *Fellows v. Tait*, 14 Wis., 156, it was stated that the practice in this state has been, for the person before whom a cause was tried to settle the bill of exceptions, although he was no longer judge. We cannot perceive any valid objection to this practice, and indeed, unless the judge who tried the cause is sometimes permitted to settle a bill of exceptions after his term of office expires, it would deprive a party of the benefit of an appeal to this court. We were referred to the case of *Phelps v. Conant*, 30 Vt., 277, where the court holds that a judge, after his term of office expires, possesses no authority to amend a bill of exceptions. But our practice has been otherwise, and we are not disposed to change it.

This is an action to foreclose a mortgage. The answer sets up the defense of usury. The mortgagor, *Haselton*, says that about the 27th of August, 1858, he applied to David S. Treat, who was at the time the agent of the plaintiff, for a loan of five hundred dollars, and that Treat informed him that he had that sum of money in his hands, as agent of the plaintiff, to loan, but that, in order to pay himself for his trouble in loaning said money, he should charge the defendant ten dollars. He states that he then agreed with Treat, as agent as aforesaid, that if he, Treat, would loan him the sum of five hundred dollars, he might deduct for his services as such agent, the sum of ten dollars, and that in fact he only received from Treat the sum of $490. This is the substance of the answer setting forth the usurious agreement. On the trial, *Haselton* testified that he negotiated the loan with Treat as agent of the plaintiff; that he was to pay twelve per cent. interest on the loan, and furthermore was to pay, and did pay, the agent a bonus of ten dollars for procuring the loan for him. He states that he owed Treat $90 and some cents on book account, and that this account, with the $10 bonus, was deducted from the $500, and the balance, $400, paid him. This, in effect, was the usurious agreement as testified to by him. There is a little discrepancy

between the usurious contract as set up in the answer and as proven by *Haselton* on the trial. In the answer he states that the agent paid him the sum of $490, reserving ten dollars for his trouble in making the loan; while in his evidence it appears that $90 and some cents was paid in a book account which Treat had against him, and that he received in money only $400. We shall not dwell upon this variance between the usurious agreement as set up in the answer and as proven by *Haselton*, since, from the whole evidence in the case, we are not able to say that the defense of usury was established. Treat, the agent, swears most positively that he did not take or agree to take ten dollars, nor any other sum, as a bonus for procuring the loan. He says that his account against *Haselton* was $90.37, which was for groceries; and that *Haselton* agreed to pay him at the end of each month, and if he should not pay at the end of each month, he agreed to pay 12 per cent. interest on the account. At the time of the loan, the account was settled, with a charge for interest of $9.70. A witness, who was a clerk in Treat's store about 18 months in 1857–8, says that he knew that *Haselton* had a running account; that when *Haselton* commenced trading, the agreement was that he was to settle and pay his account monthly, but that he heard no agreement between Treat and *Haselton* by which the latter was to pay interest on the account. *Haselton* dénies the agreement to pay monthly, as well as the agreement to pay interest on the account; although he admits that he told Treat he intended to pay monthly. The plaintiff was likewise sworn on the trial, and stated, in substance, that she did not know the amount loaned *Haselton*; that it was between $400 and $500; that she never received anything more than lawful interest; that she never authorized her agent to take more than 12 per cent. interest; and that he never took anything more to her knowledge or belief. The circuit court seems to have attached considerable importance to her testimony, because she stated on the redirect

examination, in answer to several questions put to her as to the precise amount of money paid to *Haselton* on the note and mortgage, that she thought it was between four hundred and eighty and five hundred dollars. It was, however, an admitted fact in the case, that only four hundred dollars in money was paid *Haselton* on the mortgage. *Haselton* and Treat both agree upon that point. The only disagreement between them is, whether about $10 was paid as interest upon the grocery account, or whether it was paid the agent as a bonus for procuring the loan. And when the plaintiff's testimony is considered in connection with this state of facts, it fails to show that there was any usury in the transaction.

Of course, the burden of showing the excessive interest, or that a bonus of ten dollars was reserved and paid the agent, as a condition of making the loan, devolved upon the defendant. This was his defense, and he was bound to establish it by satisfactory evidence. In the most favorable light we can consider the evidence bearing upon the question of usury, we should be compelled to say that the defense is not made out. The proof is in equipoise upon that point, if the weight of evidence is not against it. Under these circumstances we are not able to say that the contract was usurious.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded, with directions to enter a judgment of foreclosure for the amount due upon the note and mortgage.