THE BANK OF CLAFLIN v. JOHN C. ROWLINSON *et al.*
No. 37.

1. CASE-MADE—*Sufficiency—Extrinsic Evidence.*    Where a case is brought to this court for review by means of a case-made attached to the petition in error, all matters relating to the merits of the case must be shown by and embodied in the case-made itself, and cannot be shown by any other or by extrinsic evidence; but other matters or things to make the case reviewable may generally be shown by extrinsic evidence, or, in other words, by evidence outside of the case-made.

2. NOTE—*Sufficient Consideration.*    A deed to a certain tract of land, and a contract to repurchase the same in one year if not sold prior thereto, is a sufficient consideration for a note executed and delivered by the payor at the same time he receives the deed and contract from the payee, and an innocent purchaser thereof before maturity is entitled to recover thereon.

3. ———— *Assigned as Collateral Security—Right of Recovery.* Where the payee of a note assigns the same before maturity to the bank as collateral security for a certain indebtedness, the bank is entitled to recover from the makers the full amount of the note if the makers have no defense thereto; but if the makers have a defense to said note, and the bank at the time of taking said note was unaware of said defense, then it is entitled to recover upon said note the amount of the balance for which the note was delivered as security, and the makers of the note are entitled to their defense as an offset to the balance of the amount due upon the note.

MEMORANDUM.—Error from Barton district court; J. H. BAILEY, judge. Action brought by The Bank of Claflin against John C. Rowlinson, S. H. Ryker, and W. A. Giles, to recover on a promissory note. Judgment for defendants, and plaintiff brings the case here. Reversed. The opinion herein, filed January 17, 1896, states the material facts.

*William Osmond*, and *F. L. Hotchkiss*, for plaintiff in error.

*C. F. Foley*, for defendants in error.

The opinion of the court was delivered by

DENNISON, J. : A motion has been filed in this court asking us to dismiss this case. We will first pass upon the motion. The defendants in error contend that we have no jurisdiction to review this case, for the reason that no legal case-made or transcript is attached to the petition in error. The case-made fails to show notice to the defendants in error or their attorney of the time of settling and signing the case or their presence at said time, or a waiver of the suggestion of amendments. The plaintiff in error has filed the affidavit of G. W. Nimocks, one of his attorneys, in which he says that C. F. Foley, the attorney for the defendants in error, at the request of said Nimocks, presented the case to the judge, and after it was settled and signed it was sent to him at Great Bend by said Foley. He attaches to his affidavit the following letter :

"LYONS, KAN., April 14, 1891.
"*G. W. Nimocks & Bro., Great Bend, Kan.:*
"GENTLEMEN—Your favor of recent date received. I will have case settled and signed in a day or two, and will express it to you as requested.
Very respectfully,    C. F. FOLEY."

The defendants in error file the affidavit of C. F. Foley, their attorney, in which he states that the case was properly served, and that he dictated the letter attached to Nimocks's affidavit; that the said case was not settled in a day or two after writing said letter, but that he does not now recollect why it was not done (the record shows it to have been settled and signed on April 24, 1891, 10 days after the letter was written); that he did express the case-made to some one of the plaintiff's attorneys at Great Bend, he thinks to Nimocks; that no notice of the time of settling the case had been served upon him, and that he has no recollection of being present at the time of settling the case. From these affidavits it appears uncontradicted that the case was served in time on Foley, and while it was in his possession he promised to present it to the judge for settlement, and then send it to the attorneys for plaintiff in error. He sent it to them by express, and when they received it, it was signed and settled. The irresistible conclusion is, that the case was presented to the judge by Foley, and that he was present when it was settled and signed. The question, then, is, must these matters be incorporated into the record itself, or can they be shown by extrinsic evidence? This relates to a question of practice, and justice would dictate that, if it can be clearly established by any method that the opposite party was actually present, or had notice of the time and place of settlement, or had waived amendments, the case should be decided upon its merits. The practice in the supreme court seems to be, that where nothing is shown to the contrary, the record must affirmatively show that the necessary duties devolving upon each litigant prior to the settling and signing of the case-made have been per-

formed, but where the record fails to show such performance it may be shown by extrinsic evidence. In *Jones v. Kellogg*, 51 Kan. 263, and in *Roser v. National Bank*, 56 id. 129, 42 Pac. Rep. 341, it is held that all matters relating to the merits of the case must be shown by and embodied in the case-made itself, and cannot be shown by any other or by extrinsic evidence, but other matters or things to make the case reviewable may generally be shown by extrinsic evidence, or, in other words, by evidence outside of the case-made. In the case of *Safford v. Turner*, 53 Kan. 729, the affidavits filed by the attorneys flatly contradicted each other, and the court dismissed the case, and very properly criticised and condemned the practice of leaving these matters out of the record and relying upon such outside evidence to establish them. In the case at bar, we think the presence of the defendant in error at the time and place of settling and signing the case is clearly shown by the affidavits, and we will consider the case upon its merits. By doing so we believe no injustice is done to either side. Should we refuse to do so, we believe an injustice would be done the plaintiff in error.

This is an action brought in the district court of Barton county, Kansas, by the plaintiff in error against John C. Rowlinson, S. H. Ryker, and W. A. Giles, as defendants, upon a promissory note for $627.70, dated November 1, 1888, due April 17, 1889, with interest from maturity at the rate of 12 per cent. per annum. Said note was executed and delivered by said defendants to the plaintiff in error, The Bank of Claflin. W. A. Giles, guarantor, made no defense, and judgment was taken against him by default; hence he is not in this court. Defendants in error admit the exe-

cution of the note, but allege a failure of consideration. They allege that on or about October 17, 1887, they executed to one Jacob Knupp their promissory note for $500, payable in one year, bearing 10 per cent. interest from date ; that on said date, contemporaneous therewith, and as a part of the same transaction, said Knupp entered into an agreement with said Rowlinson by which said Rowlinson gave said Knupp the said note of $500 and a team of mules valued at $300 for certain real estate in Rice county, Kan., subject to mortgage of $450 ; that said Knupp should have the right to sell the real estate at any time during the year, and should receive as his commission, if he made such sale, two-thirds of what he obtained for it over $1,100 ; if at the expiration of one year said real estate had not been sold, said Knupp agreed to repurchase the same for the sum of $1,100, and said note of $500 and the interest thereon should be taken as so much of a payment on it. They also allege that the real estate has not been sold ; that Knupp had refused to repurchase it, and the defendants have been damaged in the sum of $800, which sum they would be entitled to set off against the note if suit had been brought by Knupp ; that the plaintiff took the note with full knowledge of the above contract and defense, and gave no consideration to Knupp for the note, and that the only consideration for the note of $627.70 was the renewal of the $500 note given to Knupp ; that said Knupp indorsed, transferred and delivered the said note to the plaintiff as collateral security, and his debt has been fully paid to said plaintiff by the proceeds of a sale of personal property belonging to said Knupp. The case was tried with a jury, and they returned special findings of fact and a general

verdict for the defendants. Judgment was rendered on the general verdict against the plaintiff, and it brings the case here for review.

We will discuss the rights of the parties to this transaction before we consider the errors complained of. As between the defendants and Knupp, it is evident that Knupp gave a consideration for the note. He gave the title to the real estate, subject to the $450 mortgage, and the contract to repurchase the same for the note and the mules. Had Knupp brought suit upon the note, the defendants could have set up the contract and the breach thereof as an offset to the amount to be recovered thereon. Is the bank entitled to any greater rights than Knupp would have had? If it was the owner and holder of the said note before maturity without knowledge of the defenses thereto, it would be entitled to recover the full amount thereof. The jury, in their special findings, found that the $500 note was assigned to the plaintiff to secure overdrafts and for current indebtedness which might accrue to the bank in the course of business, and that at the time of said assignment the plaintiff did not know of any defense which defendants might have to said $500 note; that at the time the note for $627.70 was given by the defendants to the plaintiff there was an overdraft of Knupp and Simpson due to plaintiff, for the payment of which the $500 note was assigned as collateral security; and that there was no evidence showing that the defendants were ignorant of any material fact which would constitute a defense to said note. Upon these findings, it is obvious that the plaintiff is entitled to recover at least the amount of the balance of the claim for which the $500 note was assigned as collateral security. If the defendants had no defense as against Knupp, the plaintiff could have

recovered the whole amount, although it might not have been entitled to apply to its own use the whole proceeds. (*Williams v. Norton*, 3 Kan. 295.) They could have applied to their own use the amount of their claim against Knupp for which the said note was collateral. and must have answered to Knupp for the balance. We think, therefore, that from the facts established by the special findings of the jury, the plaintiff was entitled to recover upon said note the amount of the balance of its claim against Knupp for which it was assigned as collateral security, and of any balance remaining the defendants were entitled to offset their damages for the breach of the contract of Knupp and the costs of suit, and if any balance remains it should be added to the amount for which the bank is entitled to judgment.

The defendants in error contend that there is no evidence tending to show whether the $500 note was payable to order or bearer, and, if payable to order, that it had been indorsed by Knupp to the plaintiff. While this may be true, the deficiency is abundantly supplied by the answer of the defendants. In the fifth paragraph thereof they allege "that said Knupp indorsed, transferred and delivered the said note to the plaintiff," etc. They cannot now be heard to deny it. It will be seen from the view of this case expressed herein, that the special findings of the jury are not in harmony with the general verdict, and at the same time they are not so complete that the court could render a judgment on the special findings. A new trial should have been granted, and it was error to overrule the plaintiff's motion therefor.

We deem it unnecessary to consider the different assignments of error in detail; they are sufficiently explained in this opinion.

The judgment of the district court is reversed, and the case remanded, with instructions to grant the plaintiff a new trial.

All the Judges concurring.