THE COLUMBIA MANUFACTURING COMPANY AND ELI
P. WILLIAMS v. THE STODDARD MANUFACTURING
COMPANY.

**No. 11,511.\*** (60 Pac. 320.)

CASE-MADE —*Settlement by Judge pro tem.* Where the term of
office of a judge *pro tem.* had expired before a case-made was
settled by him, he had lost jurisdiction to make the settlement.

Error from court of appeals, southern department ;
A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER,
judges. Opinion filed March 10, 1900. Reversed.

*Frank O. Johnson,* for plaintiffs in error.

*Geo. W. Allison,* for defendant in error.

PER CURIAM : In this case the Stoddard Manufac-
turing Company was the plaintiff in error in the court

---

*For opinion by court of appeals, see 8 Kan. App. 690, 57 Pac.
136.—REP.

of appeals. In that court the Columbia Manufacturing Company moved to dismiss the proceedings in error. The motion was overruled and from the order overruling it error has been prosecuted to this court. The case was tried in the district court by a judge *pro tem.* who allowed 150 days for making and serving a case-made, and 20 days after the expiration of said 150 days within which to suggest amendments, and who ordered that the case be settled upon 10 days' notice to be given by either party. In the order granting time to make and settle the case, no specific time was fixed for its settlement, nor any time limited for the giving of the notice of settlement. The notice to settle the case was not given until after the lapse of nearly four months after the expiration of the period fixed for making and serving the case and suggesting amendments. The ground of the motion to dismiss, therefore, was that the term of office of the judge *pro tem.* had expired before the case was settled by him, and that he had, accordingly, lost jurisdiction to make the settlement.

Within the decision of *K. & C. P. Rly. Co. v. Wright,* 53 Kan. 272, 36 Pac. 331, the motion to dismiss should have been sustained. In that case no specific time was fixed for the settlement of the case, but it was ordered that, upon the making and serving of the case and the suggestion of amendments thereto within the times limited therefor, the case should be thereafter settled on five days' notice. Upon that state of facts it was remarked:

"The only contingency which warrants an ex-judge in settling and signing a case is, that at the expiration of his term the time was actually fixed for making or settling and signing the case. In this case, when the term of the judge who tried the case had expired, the case had been served, the time for suggesting amend-

41—61 KAN.

ments had expired, and no time had been fixed by the court, or by the parties under its order for settling and signing such case. It is true the case was to be settled on five days' notice, but no notice was given prior to the expiration of the judicial term, and it was not given for more than five months afterward. If before the term expired notice had been given fixing the time for settling and signing the case, perhaps it might be be said that the term of office of the trial judge had not expired when the time was fixed for settling and signing the case, and that the ex-judge would therefore have authority to act in the premises. As it was, however, the term expired when no time had been fixed by the order of the court for settling and signing the case, and none fixed by the parties in pursuance of the orders made. Under such circumstances, and under the authority cited, the ex-judge was without authority to settle and sign the case, and hence the proceedings in error must be dismissed.''

The above case is, in effect, a holding that the term of office of a judge *pro tem.* is limited to such specific periods as he sets for the making and service of the case and the suggesting of amendments thereto, and the settlement of the case, and that, if within such term of office no time is fixed for the settlement of the case, such term cannot be prolonged by specifying an indeterminate period within which the parties may come before him for the settlement of the case, or, at least, that if the time for its settlement has been left indeterminate, it must be determined by a notice given within the term fixing a definite date for the settlement of the case.

The case should have been dismissed by the court of appeals. Its order overruling the motion to dismiss is reversed, with directions that such motion be sustained.