## BURNETT *et al.* v. DAVIS.

No. 1205. Opinion Filed September 13, 1910.

(111 Pac. 191.)

1.    **APPEAL AND ERROR—Case-Made—Service—Signing and Settling—Record Showing.** All matters relating to the service of a case-made, to the notice of time and place of settling, and to signing and settling of a case-made, should be made to appear from the case-made; but, where such is not done, it may generally be shown by evidence outside of the case-made.

2.    **APPEAL AND ERROR—Settling Case-Made—Power of Ex-Judge.** An ex-judge is not authorized by section 4742. Wilson's Rev. & Ann. St. 1903, to sign and settle a case-made, if at the expiration of his term of office the time for making and serving the case had expired and no time for settling the case had been fixed before his retirement.

(Syllabus by the Court.)

*Error from District Court, Creek County; John Caruthers, Judge.*

Action between Bates B. Burnett and others, and Isaac N. Davis. From the judgment, Burnett and others bring error. Dismissed.

*E. B. Hughes* and *Dale, Bierer & Hegler,* for plaintiffs in error.

*James J. Mars* and *McDougal, Lattimore & Lytle,* for defendant in error.

No briefs on motion to dismiss received by the reporter.

HAYES, J.   This proceeding is brought to reverse a judgment of the district court of Creek county rendered on the 7th day of March, 1908. A motion for a new trial was overruled on the 15th day of November of the same year, at which time the court made an order extending the time 60 days in which plaintiff in error could make and serve his case. This time was thereafter extended by subsequent orders of the court to February 18, 1909. On the last-mentioned date, the case-made was served. Defendant in error has interposed a motion to dismiss this proceeding upon

12 different grounds. Some of the grounds are not supported by the record and are so clearly without merit as not to require discussion here, but other grounds assigned are based upon facts disclosed by the record and require consideration.

The case-made does not disclose that any notice was given to defendant in error of the time and place the case-made would be presented for settlement and signing; but there has been filed in this court an affidavit establishing that such notice was given, and that one of counsel for defendant in error was present at the time the case-made was settled and signed and made no objection thereto. An affidavit, for the purpose of controverting the affidavit filed in support of plaintiffs in error's contention that notice was given has been filed by defendant in error; but it does not controvert the essential matters supported by the affidavit of plaintiffs in error. The affidavit on behalf of defendant in error does not state that notice was not given or that one of counsel for defendant in error was not present at the time the case-made was signed and settled. It states only that to the best knowledge and belief of affiant such notice was not given; that diligent search has been made for the copy of the notice charged to have been served; and that affiant has been unable to find it. There is no evidence positively denying that notice was given, nor does the evidence deny that one of counsel for defendant in error was present at the signing and settling. It is well settled that, where the review is based upon the case-made, the rulings of the trial court assigned for error must be embodied in the case-made itself; and such rulings cannot be shown by extrinsic evidence; but matters relating to the service, signing, and settling of the case-made may generally be shown by evidence outside of the case-made. *Roser v. National Bank,* 56 Kan. 129, 42 Pac. 341; *Jones v. Kellogg,* 51 Kan. 263, 33 Pac. 997, 37 Am. St. Rep. 278; *Bank of Claflin v. Rowlinson,* 2 Kan. App. 82, 43 Pac. 304. In the Roser case, as in the case at bar, the record was silent as to notice of the time of settling the case, and the court permitted proof outside of the record to establish that such notice was given.

Dismissal is urged also upon the ground that the case-made is a nullity, because it is authenticated by a judge who was without authority to sign and settle same. At the time of the trial and of the overruling of the motion for a new trial, and at the expiration, on February 18, 1909, of the time in which to make and serve a case-made as extended by order of court, the Ninth judicial district was composed of the counties of Creek, Hughes, Okfuskee, and Okmulgee, and the Honorable John Caruthers was the duly elected, qualified, and acting judge of said district. On March 8, 1909, an act of the Legislature was approved by the Governor and became effective, by which the counties of Creek and Okmulgee were detached from the Ninth district and made to constitute the Twenty-Second district court judicial district. Sess. Laws, 1909, p. 177. On March 22, 1909, an act was approved and became effective, the first section of which provides that the Ninth and the Twenty-Second judicial districts shall be comprised of the same counties as is provided in the act of March 8, 1909. Sess. Laws 1909, p. 175. The third section of the later act provides that the district judges theretofore elected and qualified and serving as such in the state shall remain and continue to serve as such within the district in which they may reside at the passage of the act, until their terms shall expire by law. It further provides that the Governor shall, within 20 days after the passage and approval of the act, appoint a district judge for districts Nos. 22 and 24. The Honorable John Caruthers, who presided at the trial of this case in the district court of Creek county, was, at the time of the passage of the foregoing acts, a resident of Okfuskee county; and when said acts became effective he remained the judge of the court of the Ninth district and ceased to be judge of the district court in the counties composing the Twenty-Second judicial district, which theretofore had been part of the Ninth district. Section 6 of the act of March the 8th provides that when in any case, by the provisions of that act a county is detached from a judicial district to which it before belonged, and there is any case pending in the district court of such county which has been

at any time tried by the judge of said court, and by him taken under advisement and is still undecided at the time of the passage of the act, it shall be the duty of the judge who tried the case to make and render his finding and judgment therein and to determine all motions therein and to allow and settle the case and dispose of the same in all other respects as though a county had not been detached from the district. This section has no application to the case at bar; for, before the act was passed, judgment had been rendered and the motion for a new trial overruled. Judge Caruthers therefore had no further jurisdiction over this cause or any other matters pending in Creek county, except those provided for by said section of the act of March the 8th, unless such jurisdiction is conferred by some other statute. He remained judge of the Ninth judicial district, and there was no judge in the Twenty-Second judicial district of which Creek county forms a part, until the Governor appointed one.

Section 4742 of Wilson's Revised and Annotated Statutes of 1903, in part, provides:

"And in all cases heretofore or hereafter tried when the term of office of the trial judge shall have expired or may hereafter expire before the time fixed for making or settling and signing the case, it shall be his duty to certify, sign and settle the case in all respects as if his term had not expired."

The authority under this statute of a judge of a district from which had been detached a county to settle and sign a case-made in a cause in the detached county was considered and determined in *Thurber v. Ryan*, 12 Kan. 453, where Mr. Justice Brewer, speaking for the court, said:

"In this case a preliminary question arises on the 'case-made.' The action was tried in the district court of Greenwood county, and judgment rendered on March 4, 1873. Thirty days were given to make a case. On March 13, 1873, a law took effect which detached Greenwood county from the Thirteenth and attached it to the Fifth judicial district. Laws 1873, p. 168. By that law the judge who tried the case ceased to be judge of the district court of Greenwood county, and the judge of the Fifth district was vested with all the powers of the judge of that court. Notwithstanding

this the trial judge thereafter, and on the 1st of April, 1873, signed and certified the 'case-made.' Is this 'case-made' so signed and certified as to be a sufficient record for review in this court? The law of 1873 above cited makes no provision for a completion by the acting judge of work partially performed. It simply transfers the county from one district to another. But in 1870 a law was passed which provides that in all cases, when the term of office of the trial judge shall expire before the time fixed for settling and signing a case, it shall be his duty to settle and sign the same in all respects as if his term had not expired. In Wisconsin it is held, even in the absence of any statute, that the judge who tried the case may settle and sign a bill of exceptions, although he may be at the time out of office. *Fellows v. Tait,* 14 Wis. 156; *Davis v. Village of Menasha,* 20 Wis. 194; *Hale v. Haselton,* 21 Wis. 320. Whether such ruling could be sustained under our statutes may not be clear. But we think it no strained and violent construction of the language to hold the law of 1870 applicable to the case at bar. The judge who tried this case ceased to be judge of the district court of Greenwood county on the 13th of March. In one sense, and that a sense appropriate to the purpose of this statute, his term of office as judge of that court then expired."

Counsel for plaintiffs in error insist that, on account of the difference in the constitutional and statutory provisions of the state of Kansas and of this state, the decision in *Thurber v. Ryan, supra,* has no application to the case at bar. By the Constitution of that state, it is required that provision shall be made by law for the selection by the bar of a *pro tem.* judge of the district court, when the regular judge is absent, disqualified, or otherwise unable to sit in any case; and there is a statute in that state prescribing the procedure for the selection of a judge under such circumstances, and by further statute it is provided that the judge of the district court shall have and exercise his powers within his district. By section 9, art. 7, of the Constitution of this state, it is provided that in case of the illness of the judge elected in the district, or for any other cause he shall be unable to preside in the district for which he was elected, the Chief Justice may designate any district judge in the state to hold any term of court in said district in lieu of the judge elected to hold the courts of said

district. The Chief Justice may also, whenever the business shall require it, appoint any district judge in the state to hold court in any other district; and, in the event any judge shall be disqualified for any reason from trying any case in his district, if the parties cannot agree upon a judge *pro tem.*, and if no selection of a judge *pro tem.* shall be had, the Chief Justice may designate some other district judge to try such case. The difference between the laws in Kansas and of this state for the selection of a judge *pro tem.* is that in this state, under certain conditions, the Chief Justice may designate a judge of one district to preside in another district; whereas, in Kansas the judge *pro tempore* is selected by the bar, or agreed upon by the parties. But this difference in the constitutional provisions of this state does not confer upon the judge of any district any power over matters pending in other districts than the one in which he is elected, except upon his appointment to such district by the Chief Justice. The fact that he is judge of a district makes him eligible and subject to be designated by the Chief Justice to preside in other districts of the state; but, unless such designation takes place, he is without authority to preside over the court of any other district, except his own, and he has no power or authority over matters pending therein. To our minds, *Thurber v. Ryan, supra,* is in point and decisive of the question that, when the acts of the Legislature detaching Creek county from the Ninth Judicial district became effective, the Honorable John Caruthers' term of office as judge of the district of which Creek county forms a part expired within the meaning of section 4742 of Wilson's Revised and Annotated Statutes, *supra.*

When has a judge whose term of office has expired authority to sign and settle a case under the provisions of section 4742? This question has been answered in the first paragraph of the syllabus by the court in *Barnes et al. v. Lynch et al.,* 9 Okla. 11, 59 Pac. 995, in the following language:

"Where an action is tried before a district judge, and time given to make a case, and the term of office of the judge expires during the time fixed for making the case, he may settle and sign

Vol. 27—9

the case after going out of office, although at the time he retired from office no time had been fixed for settling and signing the case. Section 567, Code Civ. Proc., authorizes an ex-judge to settle and sign a case, if at the time of his retirement from office, either the time for making and serving case had not expired, or, if it had expired, the retirement of the judge was pending the time fixed for settling and signing the case."

In the case at bar, no time had been fixed for settling and signing the case prior to the detachment of Creek county from the Ninth judicial district, and the time for making and serving the case had expired. When the trial judge made the first order extending the time within which to make and serve the case, he directed that suggestions of amendment should be made within 20 days after the expiration of the time fixed in his order for serving and making the case; but, in the two orders subsequently made extending the time for making the case, no order was made fixing the time within which to suggest amendments. It is contended by plaintiffs in error that the time fixed for suggesting amendments in the first order applies to the last order; and that since the time for making the case expired on February 18, 1909, and the first act detaching Creek county from the Ninth judicial district became effective on March 8, 1909, the trial judge's term expired pending the time for suggesting amendments; and he therefore has authority to settle the case. It is very doubtful whether plaintiffs in error's contention that there existed 20 days after the expiration of the last order extending the time for making the case for the suggestion of amendments is correct; but, however that may be, an ex-judge whose term of office expires after the service of the case-made, but during the time for suggesting amendments, is not authorized, where no time has been fixed for settling and signing the case to sign and settle same either under the rule announced in *Barnes et al. v. Lynch et al., supra,* or under the rule of the Kansas decisions. It is contended that that portion of the decision of the court in *Barnes et al. v. Lynch et al.,* which holds the two contingencies under which the ex-judge may settle the case to be: First, either the time for making and

serving the case had not expired at the time of his retirement from office; or, second, if it had expired, his retirement was pending the time fixed for settling and signing the case—is *obiter*. But we do not so regard it, for the facts in that case required a construction of this statute by the court; and the construction given it by the territorial Supreme Court is in harmony with the decision in *St. L. & S. F. Ry. Co. v. Corser*, 31 Kan. 705, 3 Pac. 569, wherein it was said in the opinion:

"Counsel suggest that, as no time had been fixed for settling and signing the case, therefore the statute was not disobeyed in the settling and signing of the case now before us. The statute gives authority only for the person who tried the case to certify, sign, and settle the same after he is out of office; when his term of office shall have expired or expires during the time fixed for making or settling and signing a case; and if no time is fixed by the order of the court for settling and signing the case, the time fixed for making the case must control."

This decision of the Kansas court was rendered before the adoption of the statute in Oklahoma Territory, and was binding upon the territorial Supreme Court.

The motion to dismiss is sustained.

All the Justices concur.