## CITY OF SHAWNEE v. STATE PUB. CO. *et al.*

No. 2531.   Opinion Filed July 23, 1912.

(125 Pac. 462.)

**APPEAL AND ERROR** — Record — Case-Made—Settlement.   Where no time has been fixed either by order of court or by notice given by the parties within the time for serving a case and suggesting amendments thereto for settling a case, the authority or term of a judge **pro tempore** ceases upon the expiration of the time fixed for suggesting amendments, and a case-made settled by him after that time is a nullity.

*Error from Superior Court, Pottawatomie County;*
*C. H. Ennis, Judge pro tem.*

Action between the City of Shawnee and the State Publishing Company and others.   From the judgment, the City brings error.   Dismissed.

*E. E. Hood,* City Atty., and *W. M. Engart,* for plaintiff in error.

*B. B. Blakeney,* for defendants in error.

HAYES, J.   This cause was tried in the court below before a judge *pro tempore,* who on the 29th day of September,

1910, overruled a motion for a new trial and made and entered an order extending the time in which plaintiff in error could make and serve a case-made for a period of 90 days from said date. Two days thereafter the regular judge of the court also made an order extending the time for making and serving a case-made for a period of 90 days from said date. Each of said orders provided that defendant in error should have ten days after service of the case-made in which to suggest amendments; the case-made to be settled and signed on five days' notice by either party. It is conceded by both parties to this proceeding that both of the orders extending the time within which to serve the case are valid, and that the time for such service under the second order expired on December 30, 1910. On December 21, 1910, the case was served by plaintiff in error upon defendant in error, and the time for suggesting amendments thereto expired on the 31st day of the same month. On the 29th day of December, 1910, a second order was granted by the regular judge extending the time within which to serve a case-made. This order was made after the case had already been served. As it is admitted, and correctly so we think, by both parties, that this order does not affect the question now under consideration, we shall not refer to it again. No notice fixing a time to settle the case was served by either party before the expiration of the time in which to suggest amendments; but thereafter, upon notice, the case was finally settled and signed by the judge *pro tempore* on the 18th day of January, 1911.

A motion to dismiss the proceeding in error in this court challenges the authority of the judge *pro tempore* to sign and settle the case at the time he did. It has been often determined in this court that only the judge before whom the cause was tried has authority to sign and settle the case. *Upton v. American Trust Co.*, 31 Okla. 456, 122 Pac. 159; *Oligschlager v. Grell*, 13 Okla. 632, 75 Pac. 1131. This rule has been modified by a recent statute so that under certain contingencies the successor of the trial judge may settle the case; but the conditions upon which that authority vests in the succeeding judge do not exist in this case. The motion before us presents for the first time the ques-

tion as to when the authority of a judge *pro tempore* to sign and settle a case exists. In *Burnett v. Davis,* 27 Okla. 124, 111 Pac. 191, the cause was tried before a regular judge, whose term of office was caused to expire by a change in the district which transferred the county in which the cause was pending from the district in which it was tried to another district, and the case went off in this court on a motion to dismiss, because the term of the trial judge did not expire during the time for making and serving a case, nor pending the time fixed for settling and signing same. In that case it was held that the statute gives authority to the judge who tries a case to certify, sign, and settle the same after he is out of office only when his term of office shall have expired or expires during the time fixed for making, settling, or signing a case; and, if no time is fixed for settling and signing the same by order of the court, then during the time fixed for making and serving the case. The decision in *Burnett v. Davis, supra,* was based upon section 6075, Comp. Laws 1909 (section 4742, Wilson's Rev. & Ann. St. 1903).

This court, following the Kansas cases, has several times determined that a judge *pro tempore* has no power, after he ceases to sit as a court in the trial of a cause, to extend the time for making and serving a case-made in an action tried before him; and that such extension can be granted only by the regular district judge, who is, in fact, in possession of the office. *City of Shawnee v. Farrell,* 22 Okla. 652, 98 Pac. 942; *Horner v. Goltry & Sons,* 23 Okla. 905, 101 Pac. 1111; *Casner v. Wooley,* 28 Okla. 424, 114 Pac. 700. The writer of this opinion, uncontrolled by the former decisions of this court and of the Supreme Court of Kansas, from which state our statute of procedure has been adopted, is of the opinion that the sounder and more just rule and the one supported by the best reason is that the power of a judge *pro tempore,* selected or appointed to try a cause in which the regular judge is disqualified, does not cease at the end of the trial, but that his power continues with sufficient authority in him to make any and all orders necessary for the final disposition of the cause, including any order that may be necessary for lodging the case in the appellate court; but, whatever may be the personal

views of the writer upon this question, the rule has been too long established in this jurisdiction to be disturbed now, and, in determining the question now before us, it must be done in view of the holdings of this court that the case-made must be settled by the judge *pro tempore* before whom it was tried, and yet his power for some purposes is ended when he ceases to sit as a judge in the trial of a cause. The only statutory provision authorizing an ex-judge to sign and settle a case-made is to be found in section 6075, Comp. Laws 1909, which in part provides:

"And in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired.   *   *   *"

In the last clause of section 9, art. 7, of the Constitution, it is provided:

"In the event any judge shall be disqualified for any reasons from trying any cause in his district, the parties to such case may agree upon a judge *pro tempore* to try the same; and if such parties cannot agree, at the request of either party, a judge *pro tempore* may be selected by the members of the bar of the district present at such term."

Sections 2 and 3 of the act of the Legislature providing a method for the selection of a judge *pro tem.* (article 1, c. 14, Sess. Laws 1909) reads in part as follows:

"In any case civil or criminal, pending in any court of record in the state   *   *   *   the parties or their attorneys of record   *   *   *   may agree upon some member of the bar   *   *   *   to act as special judge to hear and decide and render judgment in the same manner and to the same effect as such disqualified judge could have rendered but for his disqualification.

"If the cause be a civil one, and the parties or their attorneys of record do not agree, the clerk of the court in which the cause is pending shall hold an election for the selection of a special judge or judge *pro tempore* to try such causes."

Accurately speaking, a judge *pro tempore* has no term of office. He is selected for a definite purpose, to wit, to try a cause in which the regular judge is disqualified. The statute does not attempt to fix his term; nor does he take the term of office of the regular judge, who continues as the regular judge of the

court with full authority in all cases except the one in which he is disqualified. The judge *pro tempore* becomes clothed with all the power of the regular judge as to such cause, necessary for him to hear such cause and render judgment therein; and when the cause has been tried and judgment rendered, his powers cease, unless continued by some order of the court. Discussing the question here involved, the Supreme Court of Kansas, in *Columbia Mfg. Co. et al. v. Stoddard Mfg. Co.,* 61 Kan. 640, 60 Pac. 320, after reviewing the case of *K. & C. P. Ry. Co. v. Wright,* 53 Kan. 272, 36 Pac. 331, said:

"The above case is, in effect, a holding that the term of office of a judge *pro tempore,* is limited to such specific periods as he sets for the making and service of the case and the suggesting of amendments thereto, and the settlement of the case, and that, if within such term of office no time is fixed for the settlement of the case, such term cannot be prolonged by specifying an indeterminate period within which the parties may come before him for the settlement of the case, or, at least, that if the time for its settlement has been left indeterminate, it must be determined by a notice given within the term fixing a definite date for the settlement of the case."

And in *Missouri Pacific Ry. Co. v. Preston,* 63 Kan. 819, 66 Pac. 1050, the same court, in the fourth paragraph of the syllabus, held:

"A judge *pro tem.,* upon overruling a motion for a new trial and rendering final judgment, allowed a certain time for the making and service of a case-made for this court, fixed a time within which amendments were to be suggested, and ordered that it be settled upon ten days' notice by either party. *Held,* that the term of office of such judge expired after the last day fixed for suggesting amendments, and that a case-made settled and signed by him after that time will not be considered."

And in *Butler v. Scott,* 68 Kan. 512, 75 Pac. 496, it is said:

"In cases tried before a judge *pro tem.* it is obvious that the contingency referred to cannot arise. The term of office of a judge *pro tem.,* where no time is fixed for settling a case, is held to be coextensive with the time allowed for suggesting amendments, and therefore cannot expire before the time fixed for making the case."

The foregoing decisions of the Kansas court were made under a statute, providing for the service and settling of a case-made, the same as exists in this state, and under statutes relative to the selection of *pro tempore* judges very similar to the statutory and constitutional provisions of this state; and we adopt the rule of those cases and hold that, where no time has been fixed either by order of court or by notice given by the parties within the time for serving a case and suggesting amendments thereto for settling a case, the authority or term of a judge *pro tem.* ceases upon the expiration of the time fixed for suggesting amendments, and a case-made settled by him after that time is a nullity.

In the case at bar, no notice was given by either party fixing the time for settling the case before the expiration of the time within which to suggest amendments; and the case was not signed and settled by the judge *pro tem.* until after the expiration of said time.

It therefore follows that this proceeding in error should be dismissed.

TURNER, C. J., and WILLIAMS, KANE, and DUNN, JJ., concur.