## CAIN v. KING.

No. 6081. Opinion Filed December 21, 1915.

(153 Pac. 1133.)

**APPEAL AND ERROR—Case-Made—Signing and Settling—Judge Pro Tempore.** A judge pro tempore may, in a case tried before him, at any time within six months from the date of the judgment appealed from, sign and settle same where served within the time fixed by statute or any lawful order of extension.

The contrary rule announced in former decisions of this court is abandoned, and the above rule adopted in lieu thereof.

(Syllabus by the Court.)

*Error from County Court, Rogers County;*
*Edgar Anderson, Judge pro tem.*

Action between T. A. Cain and Ed King. From the judgment, Cain brings error, and King moves to dismiss. Motion overruled.

*John F. Kerrigan* and *A. Nicodemus,* for plaintiff in error.

*John M. Goldesberry, J. I. Howard,* and *C. B. Holtzendorff,* for defendant in error.

HARDY, J.   Defendant in error files motion to dismiss for the reason that case-made herein was signed and settled by a judge *pro tempore* after the time fixed for suggesting amendments in the last valid order of extension had expired.   From the record it appears that judgment was rendered on August 21, 1913, before Hon. Edgar Anderson, a judge *pro tempore* of the county court of Rogers county, and on said date an extension of 40 days was allowed by said judge *pro tempore* to prepare and serve case-made, with ten days thereafter to suggest amendments, and case to be settled upon five days' notice in writing by either party.   On September 26, 1913, the regular county judge of Rogers county extended the time to and inclusive of October 15, 1913, in which to prepare and serve case-made, with ten days to suggest amndments, and same to be settled upon five days' written notice.   The case-made was duly served on October 11, 1913, and on October 21, 1913, counsel waived the right to suggest amendments and stipulated that the case-made was true and correct, and same was signed and settled by said judge *pro tempore* on November 12, 1913.

In support of the motion to dismiss, counsel cite the previous decisions of this court in *City of Shawnee v.*

*State Pub. Co.,* 33 Okla. 363, 125 Pac. 462, 42 L. R. A. (N. S.) 616, *Co-Operative Gin & Ele. Co. v. Asbury,* 40 Okla. 141, 142 Pac. 802, and *Cantwell v. Patterson* [not reported]. This last opinion has been withheld from publication in the permanent volume of the Reports. These decisions support the contention of counsel for defendant in error. We are constrained, however, owing to the importance of this question of procedure, which is constantly recurring, to re-examine this question, and to determine whether the conclusion announced in these cases is supported by sound reason and logic, and if not, to declare a just and correct rule that will govern cases of this character hereafter. These decisions appear to have followed the Kansas rule which was first announced by that court in *Mfg. Co. v. Stoddard,* 61 Kan. 640, 60 Pac. 320, which was rendered in March, 1900, and which referred to the case of *K. & C. P. Ry. Co. v. Wright,* 53 Kan. 272, 36 Pac. 331, as authority for the doctrine therein announced.

The opinion in the Wright Case, upon examination, discloses the fact that the judge in that case was a regularly elected district judge whose term of office had expired, and it was held that, as no time was fixed for settling and signing the case, he had no authority to settle and sign the same after his term of office had expired. That case was not tried by a judge *pro tempore,* and the holding therein had no reference to the authority of a judge *pro tempore,* nor did it affect any act done or power exercised by such judge.

The doctrine announced in *Mfg. Co. v. Stoddard, supra,* was reaffirmed in *Ry. Co. v. Preston,* 63 Kan. 819, 66 Pac. 1050, by a divided court, and has since been followed in that jurisdiction. The opinion of the court in

the Preston Case was concurred in by four of the justices, while three dissented. In his concurring opinion, Ellis, J., expressly placed his assent to the holding in that case on the ground that the rule announced had been followed by the court for some years, and that it was better to continue that policy than to overrule the former decisions, stating, however, that as an original proposition he would incline to the view that a judge *pro tempore* might settle and sign a case-made at any time within a year of the trial, that being the limit fixed by statute in that state. Thus it is seen that the doctrine in that case, while adopted by a bare majority of the court, was not considered the sound or correct policy by at least four of the seven justices. Pollock, J., in a vigorous dissenting opinion criticized the rule in very strong terms. The rule, while followed in this state, has not met with the approbation of the court, but on the contrary has been criticized on more than one occasion.

In *City of Shawnee v. State Pub. Co., supra* (decided July 23, 1912), Mr. Justice Hayes, in writing the opinion, said:

"The writer of this opinion, uncontrolled by the former decisions of this court and of the Supreme Court of Kansas, from which state our statute of procedure has been adopted, is of the opinion that the sounder and more just rule and the one supported by the best reason is that the power of a judge *pro tempore,* selected or appointed to try a cause in which the regular judge is disqualified, does not cease at the end of the trial, but that his power continues with sufficient authority in him to make any and all orders necessary for the final disposition of the cause, including any order that may be necessary for lodging the case in the appellate court."

After setting out the various provisions of the Constitution and the statute with reference to the selection of judges *pro tempore,* Mr. Justice Hayes continues:

"Accurately speaking, a judge *pro tempore* has no term of office. He is selected for a definite purpose, to-wit, to try a cause in which the regular judge is disqualified. The statute does not attempt to fix his term; nor does he take the term of office of the regular judge, who continues as the regular judge of the court with full authority in all cases except the one in which he is disqualified. The judge *pro tempore* becomes clothed with all the power of the regular judge as to such cause, necessary for him to hear such cause and render judgment therein; and when the case has been tried and judgment rendered, his powers cease, unless continued by some order of the court."

This opinion by Mr. Justice Hayes is the first time this rule had been announced by this court, and is based upon the assumption that prior decisions by this court and the decisions from Kansas cited in the opinion, construing the Kansas statute, were controlling upon the court here.

This view, however, we think is erroneous. Our statute was adopted in 1893, while the opinion in the Wright Case, which formed the basis of this holding, was rendered, at the January term, 1894. That case, however, as has been seen, did not involve a judge *pro tempore,* but involved a regular district judge whose term of office had expired. The first definite declaration of the rule in Kansas was in *Mfg. Co. v. Stoddard, supra,* rendered at the January term, 1900, more than seven years after the adoption of our statute, and these decisions therefore cannot be considered controlling on this court under the rule that where statutes are adopted from another state the construction placed thereon by the highest court of

that state is incorporated in and becomes a part of the statute, and is adopted therewith.

These decisions, then, having been rendered since the adoption of the statute, are only persuasive so far as their logic and reasoning convinces us that the doctrine therein stated is sound. Prior to these decisions the Supreme Court of Kansas, speaking through Mr. Justice Brewer, afterwards and for a long time an able and honored member of the Supreme Court of the United States, in *M., K. & T. Ry. Co. v. City of Ft. Scott*, 15 Kan. 435, used the following language in the first paragraph of the syllabus in said case:

"Under section 1, c. 85, of the Laws of 1870, a judge *pro tempore* may, after the expiration of the term at which the case has been tried before him, if within the time allowed by law, or the order of the court, settle and sign a case-made."

This opinion construes section 1, c. 85, of the Laws of 1870, which in the particulars now under consideration is identical with section 5244, Rev. Laws 1910, and it appears that it was the view of that able jurist, concurred in by the entire court, that a judge *pro tempore* was authorized to sign and settle a case-made in a case which had been tried before him, if done within the time allowed by law or the order of the court.

Section 12, art. 7, of the Constitution (Williams' Const., section 197), provides that judges *pro tempore* for the trial of cases in the county court, may be selected in the manner provided for selection of judges *pro tempore* in the district court. Section 9, art. 7 (Williams' Const., section 194), contains the provisions with reference to the selection of judges for the district court. By section 5813, Rev. Laws 1910, it is provided that a special judge

may be selected "to hear and decide, and render judgment in the same manner and to the same effect as such disqualified judge could have rendered, but for his disqualification." It is thus seen that it was the legislative intention that a special judge should have the authority to hear and decide and render judgment in the same manner and to the same effect as a judge who was disqualified, and the plain meaning of this statute cannot be explained away nor overcome by any process of reasoning which seeks to deprive such special judge of the power therein expressly conferred.

This is not only the logical and reasonable meaning to be given to these provisions, but in our judgment no other reasonable or logical interpretation can be placed thereon. The disqualification of the regular judge in the case at bar was absolute, and continued throughout the entire course of the case, and the authority of the special judge chosen in his stead was as broad as that of the regular judge, and continued until the final termination of the case. And the reason for this is apparent. The regular judge, being disqualified, had no authority to do any act or exercise any power in reference to the trial or disposition of said case; and in order to grant litigants in such case the same rights to have their matters heard and determined as other litigants would have where the regular judge was not disqualified, it was necessary that the powers of the special judge be as full, ample, and complete as that of the regular judge. He was selected to try this case because of the disqualification of the regular judge, and exercised the same power and had authority to grant the same relief, neither more nor less, and this power continued under the express terms of the statute, until final judgment herein. There is no warrant or authority under

the law for the court to say that the term of office of the judge *pro tempore* expired at any given time or upon the happening of any particular event, prior to the final disposition of the case. By the same force of logic, and with the same weight of reason, it could be said that his power ceased upon rendition of the verdict or upon rendering judgment, or upon overruling motion for a new trial. As said by Mr. Justice Hayes, strictly speaking he has no term of office. There is none fixed in the Constitution or in the statute, and to say that by an order extending the time to prepare and serve case-made his authority shall cease at the expiration of the time fixed for suggesting amendments because his term of office expires, is illogical and unsound; for in one instance if the time embraced in one order of extension be limited to 45 days, then the term of office would be 45 days, if in another case it should be 90 days, then the term of office of this special judge would be 90 days, or any other period of time fixed by the order; and we have held that the regular judge of the court may grant an extension of time beyond the time originally allowed by the special judge, and thereby the regular judge would have the power to extend the term of office of the special judge to such time as he thought fit, and as often as he desired, not to extend beyond the period of six months in a case wherein he was disqualified.

And, again, it has been stated in the opinions that if either party, prior to the expiration of the time for suggesting amendments, shall serve notice upon the opposite party of the time and place the case-made will be presented for settlement, this will have the effect of extending the authority of the special judge to settle the case-made within the time fixed by such notice;

and it is also stated that if the order of extension shall fix a definite time after the suggesting of amendments in which the case is to be settled, the special judge will be authorized to sign and settle same within such time so fixed; and the statute provides that after the expiration of the time previously fixed, the regular judge may, for accident or misfortune that could not have been reasonably avoided, extend the time within which case-made may be served and the amendments suggested, which would authorize the special judge, of course, to settle the case-made within such time, thereby authorizing the regular judge, after the term of office of the special judge had expired, by order made, to revive his authority in the premises.

Thus it is seen that these holdings of the court fix the term of the special judge upon variable facts and circumstances over which the litigant has no control, and are, in the judgment of the writer, contrary to the special provisions of the statutes above quoted, and of section 5244, *supra,* which is as follows:

"  *    *    * And in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."

While this provision has been construed by the Supreme Court of Kansas, and that court held that the power of the judge *pro tempore* to sign and settle a case-made expires after the time fixed for suggesting amendments, where no time is fixed in the order of extension for settling same, we think such holding is in the face of the positive language of this statute, which in express terms

authorizes the settlement thereof after his term of office, if he has such, has expired, provided this be done within the time limit fixed by statute, which, according to chapter 18, Sess. Laws 1910-11, p. 35, is fixed at six months from the rendition of the judgment or final order for reversing which proceedings shall be commenced in the Supreme Court. This statute means that any litigant who desires to present for review the judgment or final order of any inferior tribunal, has the full period of six months within which to commence proceedings, and under section 5244, *supra*, the court or judge may extend the time within which to prepare and serve a case-made from time to time, not to exceed the time limit fixed by statute, and there is no distinction made in the statutes of this state between a case tried before a special judge and one tried before a regular judge as to the procedure for serving and settling a case-made. Such a distinction is artificial and places litigants at an unfair disadvantage, by which one is required, when a case is tried before a special judge, to do certain things which are not required of the litigant whose matters are heard before the regular judge.

A more reasonable rule, and one that will operate equally and avoid any uncertainty in the method of legal procedure, would be one which applies the same rules in each case, and requires the same steps to be taken in the same manner by every litigant who desires to present his case to this court for review; and it seems to us if we should adopt the rule that a special judge or judge *pro tempore* may sign and settle a case when duly made and served at **any time within the** period fixed by statute, upon the same conditions and with like effect as a regular judge in a case tried before him, this would give effect to

the intention of the Legislature, and make the operation of the laws uniform.

The former opinions of this court, holding contrary to the rule herein announced, are to that extent overruled.

The motion to dismiss is overruled.

All the Justices concur.