### BURNETT v. BURNETT et al.

No. 11143—Opinion Filed March 3, 1920.

(Syllabus by the Court.)

**Appeal and Error—Case-Made—Settlement—Judges.**

A case-made must be settled, certified, and signed by the judge who tried the cause, though such trial judge be a judge pro tempore, in the absence of such circumstances or conditions enumerated by the statute authorizing one other than such trial judge to sign and settle a case-made.

Error from District Court, Latimer County; C. R. Hunt, Special Judge.

Action between M. E. Burnett and H. J. Burnett and others. From the judgment, M. E. Burnett brings error. Dismissed.

J. W. Callahan and G. L. Andrews, for plaintiff in error.

C. H. Hudson, for defendants in error.

BAILEY, J. This cause comes on to be heard on a motion of defendants in error to dismiss the proceedings in error for the reason that the case-made attached to the petition in error is not signed and certified by the judge who tried the case; the Hon. C. R. Hunt having tried the case and the case-made being signed and certified by Judge E. F. Lester. It appears from a stipulation filed as follows:

"That the Hon. E. F. Lester, judge of the district court in and for Latimer county, is disqualified as judge to sit in said cause. It is hereby agreed that Hon. C. R. Hunt, a duly qualified and acting member of the Latimer County Bar, act as special judge to try said cause, upon his taking the oath of office."

It further appears that the case-made was settled, signed, and certified on the 20th day of November, 1919, by E. F. Lester, district judge. No response has been filed to the motion to dismiss the appeal, and it does not appear why the case-made should not have been signed and settled by the judge pro tempore. Section 5244, Rev. Laws 1910, provides:

"The court or judge may, upon good cause shown, extend the time for making a case and the time in which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same had been made and served, and amendments suggested, which when so made and presented shall be settled, certified, and signed by the judge who tried the cause."

It has been frequently held by this court that the judge only before whom the cause was tried has authority to sign and settle a case, except under certain conditions and contingencies not involved here. Peter Oligschlager v. Herman Grell, 13 Okla. 632, 75 Pac. 1131; Upton v. American Trust Co. of Purcell, 31 Okla. 456, 122 Pac. 159.

It appears from the record that the regular presiding judge of the district court in and for Latimer county made certain extensions of time in which to prepare and serve case-made, extending such time beyond that allowed by the judge pro tempore, and it is possible such fact suggested that case-made be signed and settled by the regular judge by reason of former decisions of this court wherein it is held:

"Where no time has been fixed either by order of the court or by notice given by the

parties within the time for serving a case and suggesting amendments thereto for settling a case, the authority or term of a judge pro tempore ceases upon the expiration of the time fixed for suggesting amendments, and a case-made settled by him after that time is a nullity." City of Shawnee v. State Publishing Co. et al., 33 Okla. 363, 125 Pac. 462.

But in Cain v. King, 49 Okla. 594, 153 Pac. 1133, it is held:

"A judge pro tempore may, in a case tried before him, at any time within six months from the date of the judgment appealed from, sign and settle same where served within the time fixed by statute or any lawful order of extension."

And the former cases of this court holding contrary to the rule there announced were overruled.

We therefore hold that the case should have been settled, certified, and signed by the judge who tried the cause, and that the case-made signed by a judge other than the trial judge, under the circumstances presented in this case, is a nullity.

The proceeding in error is accordingly dismissed.

OWEN, C. J., and PITCHFORD, McNEILL, and HIGGINS, JJ., concur.